## Huggins v. Field, Judge.

(Decided November 17, 1922.)

Jefferson Circuit Court
(Common Pleas Branch, First Division).

Motion for Writ of Prohibition.

1. Contempt—Affidavit Requiring Trial Judge to Vacate the Bench—Bias.—Neither a client nor his attorney will be guilty of contempt by incorporating in an affidavit to require the trial judge to vacate the bench, any pertinent and relevant fact showing actual or implied bias or partiality of the judge against the applicant, provided the language employed is respectful and courteous and the statements made in good faith, since it is never a contempt to do that which is permitted or allowed by law.

2. Contempt—Affidavit Requiring Trial Judge to Vacate the Bench.—If, however, the affidavit, in addition to the statement of such facts, includes defamatory and derogatory matter concerning the court, and reflecting upon his honor and integrity, not only as an individual but as a sworn officer, a contempt is committed, since such language is wholly unnecessary to constitute a proper affidavit and is altogether unauthorized by any interpretation by this court of section 968 of the statutes.

3. Prohibition—Restraining Enforcement of Contempt Judgment.—Whether this court will take jurisdiction, under section 110 of the Constitution, to restrain the enforcement of a contempt judgment where the court had jurisdiction of the subject matter and of the person, and where the only question involved is whether a contempt was actually committed is not determined, since the facts,

as set out in the opinion, show beyond dispute that a contempt was committed, and the application for the restraining process is denied.

4. Contempt—Abuse in Brief.—Whether the unnecessary abuse of the trial court in a brief filed in this court constitutes contempt of this court is not determined, but such a brief will be stricken from the record by this court on its own motion.

RONALD C. OLDHAM for plaintiff.

BERNARD B. BAILEY and WALTER P. LINCOLN for defendant.

Opinion of the Court by Judge Thomas—Overruling motion for writ of prohibition and dismissing the petition.

Andrew P. Vogt is and was a justice of the peace in Jefferson county, and William A. Doyle is and was the constable in the same magisterial district of that county. One proceeding against Vogt and two against Doyle were instituted before defendant, William H. Field, one of the judges of the Jefferson circuit court, pursuant to the provisions of section 1758 of the Kentucky Statutes, and they were duly cited to appear before defendant to show cause against those proceedings and to present whatever defense they had. Plaintiff, Clem W. Higgings, an attorney of the Jefferson county bar, with others, was employed by the respondents, Vogt and Doyle, to defend them, and on the day to which they were cited to appear before defendant, plaintiff was absent and one of his co-counsel tendered an affidavit in each of the three proceedings to require defendant to vacate the bench, as is authorized by section 968 of the statutes. Defendant, conceiving that the affidavits were insufficient under the various opinions of this court interpreting and construing that section, in that they did not properly state the necessary facts to require him to vacate the bench or to disqualify him from presiding in the causes, declined to permit the affidavits to be filed and adjourned the hearing to a future day within which time counsel were given leave to reform the affidavits so as to meet the objections urged by defendant (respondent herein) thereto. The first affidavits were tendered on July 29, 1922, and the adjournment was had to August 5, 1922; and on the latter date plaintiff herein, as one of the counsel for respondents in the then pending proceedings before defendant, in open court suggested that he would withdraw the former tendered affidavits and tender others in lieu of

them and again renewed the motion that defendant herein vacate the bench; but, he again ruled that the substituted affidavits were themselves insufficient, and declined to permit them to be filed but let the record show that they were tendered. He furthermore held that the latter affidavits, tendered in open court, contained matter which was a direct contempt of court and entered a fine against plaintiff herein of thirty dollars in each of the pending proceedings, or a total of ninety dollars.

This original proceeding was filed in this court to prohibit defendant as judge of the Jefferson circuit court from proceeding to collect those fines upon the ground that defendant was without authority to enter them and acted without his jurisdiction in doing so, and that each of the judgments was and is void. Copies of the tendered affidavits containing the alleged contemptuous matter are filed with the petition to which defendant has interposed both a special and general demurrer, and without waiving either has filed an answer.

Briefs of counsel have gone extensively into the law relating to contempts of court, as well as the right and power of this court to review judgments in such cases either by appeal or under the jurisdiction conferred on it by section 110 of the Constitution. Under section 950 of the statutes the right of appeal to this court from judgments for contempt of court is denied, but, in the cases of Adams v. Gardner, Judge, 176 Ky. 252, and others referred to therein, that section of the statutes was construed as denying the right of appeal in such cases when the only question involved was contempt or no contempt, but that an appeal would lie, especially in criminal contempts, when the punishment inflicted was such as the law did not countenance. Under those authorities no appeal lies from the judgments entered by defendant against plaintiff herein, since the punishment of a fine of thirty dollars in each case was authorized, if plaintiff was guilty of the contempt. The cases of Bickley v. Commonwealth, 2 J. J. Mar. 572; Turner v. Commonwealth, 2 Met. 619; Gordon v. Commonwealth, 141 Ky. 461, and the Adams case, *supra,* were each direct appeals to this court from judgments inflicting unauthorized punishments, and they can have no bearing upon the question of our original jurisdiction in an application of this kind under the provisions of the section of the Constitution referred to.

In the case of Riley v. Wallace, Judge, 188 Ky. 471, the defendant in the alleged contempt proceedings applied to this court for a proper writ restraining the lower court from proceeding with the contempt proceedings upon the ground that the facts, as set forth in the opinion, did not constitute contempt, and the restraining order was granted upon that ground, which makes the case an apparent authority for issuing such restraining writs under the original jurisdiction conferred upon it by the section of the Constitution referred to (110), when the only question presented is one of contempt or no contempt, although the question of the jurisdiction of this court was neither argued, referred to, nor discussed in that opinion. If our right exists to review the proceedings on an original application made in this court in cases where the *only* question is contempt or no contempt, then the section of the Constitution confers the authority on this court to do something which it can not do by direct appeal, and in the Riley case referred to the court failed to observe or mention that fact.

There can be no doubt in the present case that the respondent had jurisdiction of the subject matter and of the plaintiff in this case, (he being then and there present in court), and that the fine imposed was within his jurisdiction to inflict; so that, the only question involved is whether the tendered affidavits contained matter which was a contempt of court, or in other words, it is purely one of *contempt or no contempt,* and that question is the only one furnishing the foundation for this application. Notwithstanding, however, the doubt which we entertain of our jurisdiction in this case, we have concluded to waive the point and to treat the particular case as one of which we have jurisdiction in this original action and determine it upon its merits, though in doing so we would not be understood as creating a precedent for similar cases in the future.

It is not necessary to encumber this opinion with the various cases wherein it has been held that a litigant or his attorney may incorporate in an affidavit, filed to procure a vacating of the bench by the presiding judge, all relevant facts tending to show "that the judge will not afford him (applicant) a fair and impartial trial." In the very recent case of Stamp v. Commonwealth, 195 Ky. 404, and numerous others cited in the note to section 968 of the statutes, it was held that the *facts* constituting

such unfairness and partiality of the presiding judge of the court should be incorporated in the affidavit and that it was not sufficient to incorporate therein only the general language contained in the statute; and it is everywhere held that neither a client nor his attorney will be guilty of contempt when they in good faith do no more than they have a legal right to do, and that where they have the right to set forth the facts, as they do in this jurisdiction, no contempt proceedings may be based on the statement of such facts if they are *bona fide* made and under the belief that they are true and that, since the cases, *supra,* do not permit an investigation as to their truth, the only duty of the court upon the filing of a sufficient affidavit is to vacate the bench. Some jurisdictions allow an investigation into the truth of the allegations of the affidavit, but that rule does not prevail with us. It does not follow, however, that, because the truth or falsity of such statements may not be inquired into, an unlimited license exists, either on the part of the client or his attorney, to go beyond the statement of the facts in the affidavit and to incorporate therein insulting and maligning language imputing to the judge dishonesty and corruption in office under the guise that such is the *belief* of the affiant or his attorney from the facts stated. Such impugning language does not contain any statement of facts except, perhaps, the mental attitude of the affiant or his attorney toward the presiding judge, which is not such a fact as will entitle the applicant to the relief, and is entirely foreign to the necessities of the case as well as beyond the license given by the permissible and applied rule of practice. Attorneys are officers of the court and as such are called upon to uphold the dignity of the court and to respect its authority, and they have no right, under the guise of protecting the interest of their client, to depart from the well established rules of practice in order to unnecessarily insult, scandalize and otherwise impugn the honor and integrity of the court. They should confine their utterances to such as the law allows, and in exercising their rights on behalf of their clients they should do so in a respectful manner and employ only respectful and decorous language. 13 C. J. 31-32; Lamberson v. Tulare County Superior Court, 151 Cal. 458; Mullin v. People, 15 Cal. 437, 22 Am. St. Rep. 414, 9 L. R. A. 566; LeHane v. State, 48 Neb. 105; State v. Bar-

nett, 98 S. C. 422, and Re Alfred Chartz, 5 L. R. A. (N. S.) 916. Whether the affidavits in question sufficiently set forth the facts in order to show the unfairness and partiality of respondent, we need not determine, since we find in them language undoubtedly contemptuous and wholly foreign to and disconnected from any statement of facts required by the rule of practice, as heretofore determined by this court in above and other numerous decisions.

It will be unnecessary to incorporate in this opinion all of such irrelevant and defamatory statements contained in the affidavits, it being sufficient to say that among them are these: "Affiant says . . . that the said Judge Field has the opinion now that this affiant is guilty as charged in the complaint and affiant believes that no character, quality or quantity of testimony though it be preponderating and conclusive would gain for this affiant a verdict of not guilty before the said Honorable William H. Field, . . . ;" and one that "Affiant says that prior to the commencement of this action the said Honorable William H. Field, though he then and there well knew he was acting without legal authority, issued a rule from his court against this affiant attempting to prevent this affiant from conducting his court in a proper and legal manner though not in a manner personally pleasing to the said Judge Field; that the said Judge Field took that action against this affiant for the purpose of harassing and embarrassing him in the performance of his official duty . . . . ;" and one that, "affiant believes that the rule herein issued against him would not have been issued had he been the officer of any court other than the court of said Andrew P. Vogt . . . ;" and the one that, "he (respondent) has on various occasions shown his ill will and malevolence toward this affiant." It requires no comment from us to properly characterize such statements. They speak for themselves, and as said in the Lamberson case, *supra,* they "can not impress the unprejudiced mind as being other than a deliberate attempt to insult and defame the judge," and no protestations that no such purpose was intended can relieve the language of its only possible effect. It not only accuses respondent of prejudging the case but it charges him with being so corrupt that he would not render a favorable decision to affiant though the evidence was conclusive as to both

quality and quantity. It furthermore charges him with prostituting his high office by proceeding against the affiants, not for the purpose of executing the law under his oath, but for the sole purpose of harassing and embarrassing them in the performance of their official duties, and that no such proceedings would have been instituted, investigated, or tried except to gratify the spleen which the judge entertained against the affiant, Vogt. Such a tirade of abuse is far removed from a good faith statement of facts to show bias or prejudice.

But it is insisted in brief for plaintiff that the affidavits contained no more than those filed in the Stamp case, and in the case of Massie v. Commonwealth, 93 Ky. 588, and others referred to in those opinions, and that this court in those cases approved the same character of affidavits and that plaintiff was but following such approval. In answering the contention it is unnecessary for us to analyze the affidavits in those cases for the purpose of determining the truth of the contention, since the only question presented in them was, whether the affidavits sufficiently conformed to the statute as interpreted by this court by stating the requisite facts to compel a vacation of the bench by the presiding judge. No question of contempt arising from surplusage contained in the affidavits was either presented or determined, and because it was held that facts sufficient to require the presiding judge to retire from the trial were stated in the affidavits the opinions constitute no precedent for permitting the incorporation in the affidavit of other unnecessary and derogatory matter highly contemptuous in its nature.

Before closing the opinion we deem it proper to state that the reply brief filed by attorney for plaintiff contains much unnecessary and defamatory matter towards repondent, and which it is quite possible constitutes contempt of this court. 13 C. J. 32, and Sears v. Starbird, 75 Cal. 91, 7 Am. St. Rep. 123. Those authorities hold that "Abuse of a trial judge contained in a brief on appeal is not contempt, however, of the trial court, but is contempt of the appellate court." But, whether so or not, we have concluded to pursue the matter no further than to strike that brief from the record.

Wherefore, the general demurrer filed to the petition is sustained, and the motion for the writ is denied.