## Hargis et al. v. Roberts and three other cases.

(Decided April 20, 1934.)

A. H. HARGIS, A. F. BYRD, HENRY L. SPENCER, M. C. RED-
WINE, and S. S. WILLIS for appellants.

E. C. HYDEN and D. L. PENDLETON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

John M. Roberts recovered against A. H. Hargis,. J. S. Redwine, J. R. Blake, and Elbert Hargis (former directors of the Hargis Bank & Trust Company, and hereinafter called the directors) a judgment for $8,500 which he had alleged they had caused him to lose in the failure of the Hargis Bank & Trust Company.

Upon like claim R. L. Eversole recovered against the same parties $4,181.51, Kerney Bays recovered $6,-499.27, and James S. Williams recovered $1,515.61. From these four judgments, the directors have prosecuted these appeals. These cases were heard together in the trial court, have been considered together in this court, and we shall dispose of them in one opinion. Many and multifarious are the pleadings filed and numerous are the questions presented. We reserve the most of these for it is unnecessary that they be now decided.

"The court erred in giving in each case instruction No. 3 which is:

(The instruction copied is the one given in the Bays case. The instructions in the other cases are the same, except for the figures $6,499.27, there are substituted the figures $8,500.00 in the Roberts case, $4,181.51 in the Eversole case and $1,515.61 in the Williams case.)

"The court instructs the jury that, if they believe from the evidence, the defendants, A. H. Hargis, J. S. Redwine, J. R. Blake, and Elbert Hargis, during the year just previous to February 5th, 1930, and at a time when they were directors of the Hargis Bank & Trust Co., and at a time when they knew or ought to have known as stated in instruction one and two, that said bank was insolvent, and entered into a scheme, conspiracy, understanding, or agreement, to convert or appropriate to their own use and benefit, or to the use and benefit of any of them, or any one else, any of the notes, money or assets of said bank, and that pursuant to said scheme or conspiracy or understanding or agreement, if any, such scheme or conspiracy or understanding or

234

agreement was entered into by them, they or any of them did appropriate or convert to the use and benefit of themselves or any of them, or to the use and benefit of any one else, any of the notes, money or assets of said bank, and that by reason thereof the plaintiff has been damaged thereby, they will find for the plaintiff such sum in damages as you may believe from the evidence the plaintiff suffered by reason thereof not to exceed the sum of $6499.27, the amount claimed in plaintiff's petition, and unless you so believe you will find for the defendants."

This was followed by instructions 4 and 5 permitting the jury to find for plaintiffs for frauds practiced upon them, in other words for deceit.

If the jury rested its finding on instruction 3, then it gave to plaintiffs recoveries to which they were not entitled, for if the defendants did the things outlined in instruction 3, the results thereof did not fall singly and directly upon the plaintiffs, but fell directly upon the bank itself, those acts, if true, caused a direct depletion of its assets (a matter for which suit now must be brought by the banking commissioner), and the plaintiffs were only affected indirectly by the resulting impoverishment of the bank which was their debtor. Since we cannot know under which instruction the verdicts were returned, the judgments must be reversed.