## Roberts et al. v. Hargis et al.

### Williams v. Same.

### Bays v. Same.

(Decided March 27, 1936.)

(As Modified on Denial of Rehearing Oct. 2, 1936.)

E. C. HYDEN and D. L. PENDLETON for appellants.

A. F. BYRD, HENRY L. SPENCER, M. C. REDWINE and S. S. WILLIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

These cases have been here before. See 254 Ky. 232, 70 S. W. (2d) 921. After their return to the trial court, the petitions were amended, and, plaintiffs having declined to amend again after demurrers had been sustained to their petitions as amended, the court dismissed their petitions and they have appealed. What they had recovered before is set out in the former opinion, and they are now seeking to make similar recoveries again. The cases are quite similar. They have been heard together, and we shall dispose of them in one opinion.

### The Causes of Action.

All of these actions are based upon alleged violations by the Hargis Bank & Trust Company of the laws of this commonwealth regulating corporations engaged in banking. The defendants who are sued, having been, at the time of such alleged violations, the directors of that bank, the plaintiffs seek to hold them responsible for the losses which the plaintiffs allege resulted to them therefrom.

### Our Conclusion.

If any person is injured by the violation of any statute, then section 466, Ky. Stats., gives to the injured party a right to recover such damage as he may sustain

by reason of the violation. The injury contemplated by the statute is not confined to personal injury. See City of Henderson v. Clayton, 57 S. W. 1, 22 Ky. Law Rep. 283, 53 L. R. A. 145; Clayton v. City of Henderson, 103 Ky. 228, 44 S. W. 667, 20 Ky. Law Rep. 87, 44 L. R. A. 474; Simons v. Vaughn & Blackwell, 165 Ky. 167, 176 S. W. 995; Stokes v. Huddleston, 227 Ky. 613, 13 S. W. (2d) 784, and Graham v. John R. Watts & Son, 238 Ky. 96, 36 S. W. (2d) 859.

The appellants say in their brief:

"The petitions in these cases contain four separate numbered paragraphs, setting out four different causes of·action, and grounds of recovery.

"[a] Fraudulent withdrawal and dissipation of the assets of bank while it was insolvent and converting these assets to their own use and benefit.

"[b] Paying dividends while the bank was insolvent.

"[c] Receiving deposits while the bank was insolvent.

"[d] Giving out, making and publishing false statements relative to the financial condition of the bank while the same was insolvent for the purpose of inducing Appellants to deposit their money in the bank and for the purpose of inducing them to permit their deposits to remain in the bank, said statements, which were false and fraudulent having been relied on by Appellants, and their money having been deposited and allowed to remain in said bank, on the faith thereof."

There is great confusion in the record. The petitions have been amended twice, the paragraphing has often been disregarded, and allegations are so scattered and commingled that it would be almost impossible to compile a complete and connected statement of just what has been alleged; but there was enough alleged to charge the defendants, as directors of this bank, with violation of section 597, Ky. Stats., by receiving deposits when they knew this bank was insolvent; and to charge the defendants with violation of section 549, Ky. Stats., by publishing and giving out statements regarding the condition or business of this bank that were false in material respects.

The allegations regarding the dissipation of the bank's assets by the payment of dividends while it was insolvent (violations of section 548, Ky. Stats.) are not alleged with sufficient particularity to support a recovery thereon, and the demurrer to this part of the pleading was correctly sustained and no recovery can be had thereon unless and until the pleadings shall, if the facts warrant it, be so amended as to show this alleged dissipation by payment of dividends rendered this bank insolvent or increased its then existing insolvency.

If the directors of this bank declared and paid dividends when it was insolvent or paid dividends which rendered it insolvent, then the banking commissioner may recover of the directors who did it for the assets so dissipated and the bank's depositors may recover of the directors who did it, not for the assets so dissipated but for their money on deposit, that they may have been caused to lose by the insolvency of the bank that resulted from or was aggravated by such dissipation. See section 548, Ky. Stats.

To constitute a "dividend" within the meaning of this section, there must be a reduction made in the assets of the bank without a corresponding reduction of its liabilities. A reduction in the bank's capital stock, by merely charging off a portion of it on the books, without any simultaneous distribution of assets, is not the payment of a dividend within the meaning of section 548.

Not only do these sections 548, 549, and 597 make these directors responsible to these plaintiffs for losses resulting from their violations, but section 466 does the same, and so does section 550.

These plaintiffs are not seeking to recover any assets of the bank; the right to recover those is vested in the banking commissioner. Plaintiffs are seeking to recover their own money which they allege they have been caused to lose by what they allege was a violation of these statutes by these defendants.

Without going into greater detail, we feel that enough has been alleged, that we must now direct the trial court to overrule the demurrers and let these causes proceed as to claims asserted under sections 549 and 597, but as to those asserted under section 548, Ky.

286

Stats., no recovery can be had unless and until the pleadings be amended as outlined.

Judgments reversed.