## Williams v. Howard, Judge.

(Decided Nov. 23, 1937.)

D. L. PENDLETON and E. C. HYDEN for petitioner.

J. B. HOWARD, S. S. WILLIS and BACH & NOBLE for respondent.

OPINION BY JUDGE CLAY—Sustaining motion for writ of prohibition.

This is an original proceeding by James S. Williams for a writ of prohibition restraining J. B. Howard, judge of the Breathitt circuit court, from trying or punishing him for contempt. The facts upon which the application is based may be summarized as follows: The Hargis Bank & Trust Company became insolvent and was placed in the hands of the Banking Commissioner for liquidation. Thereafter, Williams sued its former directors, A. H. Hargis, J. S. Redwine, J. R. Blake, and Elbert Hargis, to recover damages for the loss he had sustained. There was a judgment in his favor for $8,500, which was reversed on appeal. Hargis v. Roberts, 254 Ky. 232, 70 S. W. (2d) 921. On the return of the case, the petition was amended and a de-

murrer thereto was sustained and the petition dismissed. On appeal the judgment was reversed, Roberts v. Hargis, 265 Ky. 282, 96 S. W. (2d) 691. A trial on the merits resulted in a judgment in favor of the directors other than A. H. Hargis. Thereupon, Williams brought an action under subsection 4, section 518, Civil Code of Practice, to vacate the judgment and obtain a new trial for fraud practiced by the successful parties in obtaining the judgment. Before any steps were taken, Williams filed his affidavit to have Judge Howard vacate the bench, and alleging certain facts tending to show that he was biased in favor of the defendants. Thereupon, Judge Howard had the clerk of the court issue a summons requiring Williams to appear and show cause, if any, why he should not be punished for contempt.

We are not now concerned with the sufficiency of the petition for a new trial, or the sufficiency of the affidavit to require respondent to vacate the bench. The question is, Will prohibition lie to restrain a circuit judge from punishing for contempt a litigant who has filed an affidavit to require him to vacate the bench? The power of this court to issue a writ of prohibition is not confined to cases where the inferior court is proceeding outside of its jurisdiction, but includes cases where the inferior court, though possessing jurisdiction, is exercising or is about to exercise it erroneously so as to result in irreparable injury for which there is no adequate remedy by appeal or otherwise. Smith v. Ward, 256 Ky. 13, 75 S. W. (2d) 538. This is not a case of civil contempt, or a failure to do something ordered to be done by the court in a civil action for the benefit of the opposing party, Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391, but a case of criminal contempt, or conduct directed against the dignity and the authority of the court. Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. An appeal will not lie from a judgment punishing one for criminal contempt except for the purpose of determining whether the punishment imposed is illegal, or excessive, and not for the purpose of retrying the question of contempt. French v. Commonwealth, 97 S. W. 427, 30 Ky. Law Rep. 98; Adams v. Gardner, 176 Ky. 252, 195 S. W. 412. It is clear, therefore, that if the respondent should hold the petitioner guilty of contempt, and fine him $30 or imprison him for not exceeding 30 hours, as he is authorized to do without the interven-

tion of a jury, section 1291, Kentucky Statutes, the petitioner would suffer great and irreparable injury without adequate remedy by appeal.

We come then to the question whether the respondent was proceeding erroneously within his jurisdiction. The answer to that question depends on whether the circuit judge may fine a litigant for contempt for filing an affidavit asking that he vacate the bench. In Hargis v. Com., 135 Ky. 578, 123 S. W. 239, 244, the court held that an attorney who had filed his client's affidavit for that purpose could not be punished for contempt. In discussing the question, the court said:

"When the defendant filed his affidavit asking that the circuit judge vacate the bench, the court fined the attorneys ·for contempt of court in filing the affidavit. This was error. The defendant was on trial, and he had a right to determine whether he was willing to try the case before the regular circuit judge or not. He had a right to require his attorneys to file the affidavit. If the affidavit was false, the proper way to punish it was by an indictment for perjury. An affidavit that the regular circuit judge will not afford the defendant a fair trial would, but for the statute, be necessarily a contempt of court, and, if the attorneys may be fined for filing such an affidavit in one case, they may be fined in all cases, and the statute allowing the affidavit to be filed amounts to nothing. We therefore think that it cannot be a contempt of court under the statute to exercise the statutory right; but the defendant was not prejudiced by this on the trial, for the reason that it all took place in Breathitt county before the venue was changed, and it could have had no effect on the trial before a jury in Estill county a year afterwards."

Of the soundness of that reasoning there can be no doubt. Under the statute (Ky. Stats. sec. 971-6) a party to the action may file his affidavit that the judge will not afford him a fair and impartial trial, and, where the affidavit states facts showing bias or prejudice on the part of the judge, he may not question the truthfulness of the facts, but it is his duty to vacate the bench and certify the case to the Chief Justice for the appointment of a special judge. Lester v. Com., 250 Ky. 227, 62 S. W. (2d) 469. The situation of a litigant is no different from that of his attorney. Manifestly,

if the judge could call him to account and punish him for contempt for exercising his right under the statute, very few would run the risk of asking the judge to vacate the bench, and the very purpose of the statute would be defeated. No doubt it often happens that the judge knows that the statements contained in the affidavit are not true, and the situation in which he is placed is a very trying one, but the lawmaking power deems such a result of less importance than a trial by a fair and impartial judge. It is true that an affidavit may be contemptuous where it contains statements unnecessarily reflecting on the honor and integrity of the court, Huggins v. Field, 196 Ky. 501, 244 S. W. 903, 29 A. L. R. 1268, and that in such circumstances prohibition will not lie to restrain the judge from punishing the litigant for contempt; but that is the exception, and does not apply in the case before us. Here, the affidavit dealt with the fairness and impartiality of the respondent in the particular case, and contains facts tending to show that he was biased and prejudiced in favor of the defendants.

We are therefore constrained to hold that, in issuing against the petitioner the rule for contempt, respondent was proceeding erroneously within his jurisdiction; and the case being one where irreparable damage will result, and there is no adequate remedy by appeal or otherwise, prohibition will lie.

Wherefore, the motion for a permanent writ of prohibition is sustained, and a writ will go prohibiting the respondent from trying or punishing the petitioner for contempt.