## Hargis v. Howard, Judge, et al.

(Decided Feb. 22, 1938.)

A. H. HARGIS for petitioner.

J. B. HOWARD and MOSS NOBLE for respondent.

OPINION OF THE COURT BY JUDGE CLAY—Denying application for mandatory injunction.

A. H. Hargis brought this original action against J. B. Howard, judge of the Breathitt circuit court, and G. L. Allen, clerk of that court, for a mandatory injunction.

Briefly stated, the facts pleaded are: There are pending in the Breathitt circuit court the following suits: Kearney Bays, Plaintiff, v. A. H. Hargis et al., Defendants; James S. Williams, Plaintiff, v. A. H. Hargis et al., Defendants; L. J. Hoskins, Plaintiff, v. A. H. Hargis et al., Defendants; Hazel Bottom, Plaintiff, v. A. H. Hargis et al., Defendants. On March 25, 1937, the above-styled actions were consolidated and tried together, and the cases were called for trial. The petitioner, A. H. Hargis, filed with the clerk of the Breathitt circuit court a certified copy of his discharge in bankruptcy granted him on April 9, 1935, by the United States District Court for the Eastern District of Kentucky at Jackson, Ky. With his said discharge he filed a pleading setting forth the discharge, together with a prayer for the court to dismiss said actions. Prior to the trial he had filed another copy of his discharge in bankruptcy, and with his pleading a certified copy of the list of his creditors filed before the referee in bankruptcy. He asked that the petitioner be dismissed from all said actions in keeping with the bankruptcy laws of the United States, and it was the plain and legal duty of Judge J. B. Howard to dismiss the plaintiff from said cases, and his action in entering judgment and orders after said discharge was filed were in gross violation of the federal laws, and an abuse of his power as judge of the Breathitt circuit court. Judge J. B. Howard and G. L. Allen, clerk, have failed and refused to place upon the docket of the Breathitt circuit court the above-styled actions, and have failed and refused to entertain or consider any order or pleading to set aside the judgment, but said Judge Howard has stated that he would not set said judgment aside and would not take any action that would bring about any legal and proper adjustment of his illegal and void orders unless a mandatory injunction issue against the defendants Judge J. B. Howard and G. L. Allen, clerk, directing them to docket the four cases, and enter such orders and judgments as will set aside and cancel said judgments

in keeping with the motion to set them aside and to grant the relief prayed for by the petitioner. The petitioner has suffered great and irreparable injury. All of the provisions for appeal or otherwise from the Breathitt circuit court to this court were done without the knowledge and consent of the petitioner, and over his protest and against his will. The federal bankruptcy laws plainly provide that bankruptcy proceedings are exclusive of state courts, and no state court has legal authority or power to question or investigate a discharge in bankruptcy properly issued, signed, and certified with the seal of the court, except in one way, unless the discharge has been revoked for fraud within one year after its date, and only then by judgment of the United States District Court at Jackson revoking the discharge because it was obtained through fraud. There is pending in the court the case of G. G. Maloney v. A. H. Hargis, and said case has never been placed on the docket of the Breathitt circuit court, and the record has been juggled and concealed from any trial of said action, and to have said action disposed of in some lawful way. The petition concludes with a prayer for an order directing Judge Howard to give full effect to the petitioner's plea in bar, and amended answer, and amended plea in bar, and to give full faith and credit to his discharge in bankruptcy and dismiss the petitioner in said actions.

The respondent filed a "general special" demurrer, and, without waiving either, filed an answer which, after denying certain allegations contained in the petition, pleads the following facts: When the several actions named in paragraph 1 of the petition came on for trial in the Breathitt circuit court at the March term, 1937, an issue was duly raised by the pleading in all of said actions as to whether or not A. H. Hargis had been duly discharged in bankruptcy. During the trial of said actions Josephine Bach, deputy clerk of the United States District Court for the Eastern District of Kentucky, at Jackson, was called as a witness to testify on said issue. She did testify with reference to said issue, and produced in the Breathitt circuit court the records of the United States District Court for the Eastern District of Kentucky in the bankruptcy proceeding of the said Hargis in said court, and the record showed that the said Hargis had not been issued

a discharge in bankruptcy, but that when the said Hargis filed his application for a discharge in said court, exceptions were duly filed to same, and on a hearing of said exceptions Hon. H. Church Ford, judge of said court, entered an order denying the application of said Hargis for a discharge in bankruptcy. The two actions of G. G. Maloney, Plaintiff, v. A. H. Hargis, Defendant, referred to in paragraph 4 of the petition, were duly tried in the Breathitt circuit court, and said Hargis purposely and intentionally absented himself from court, and failed and refused to attend the trial of said actions, though he was called by the sheriff of Breathitt county when said actions were called for trial. A copy of the testimony of Josephine Bach, deputy clerk, was filed with and made a part of the answer.

In the original proceeding of A. H. Hargis v. Judge King Swope et al., reported in 272 Ky. 257, 114 S. W. (2d) 75, we said:

"The questions before the Fayette circuit court were whether A. H. Hargis had been discharged in bankruptcy, and, if so, the effect of the discharge on the particular claims involved. One was a question of fact and the other a question of law. In the very nature of things the court had jurisdiction to pass on these questions. The purpose of the mandatory injunction is not to compel Judge Swope to act, for he has acted, but to control his discretion and compel him to decide pending questions in a particular way. This we cannot do without going counter to all law on the subject.

"But, if we go further, and construe the proceeding as an application for a writ of prohibition rather than an application for a mandatory injunction, the question is, May we grant that character of relief? The power of this court to issue a writ of prohibition is confined to two classes of cases; (1) where the inferior court is proceeding outside of its jurisdiction, and (2) where the inferior court, though possessing jurisdiction, is exercising or is about to exercise it erroneously so as to result in irreparable injury for which there is no adequate remedy by appeal or otherwise. Smith v. Ward, 256 Ky. 13, 75 S. W. (2d) 538; Williams v. Howard, Judge, 270 Ky. 728, 110 S. W. (2d) 661. In deciding the question before it the Fayette circuit court

did not go outside its jurisdiction. The most that can be said is that it decided erroneously. Whether or not that is the case is a question not now before us. It is sufficient to say that the petitioner has an adequate remedy by appeal and an appeal has already been granted."

This action presents the same situation. The pleadings in the several actions pending in the Breathitt circuit court raised an issue as to whether A. H. Hargis had been discharged in bankruptcy?. In the very nature of things it was necessary for the court to decide that question, and a mandatory injunction will not lie to compel respondent to decide it in a particular way. Not only so, but if we treat the application as one for a writ of prohibition rather than for a mandatory injunction, it is clear that the court acted within its jurisdiction, and that if its decision was erroneous, a question not now before us, the petitioner has an adequate remedy by appeal.

With respect to the actions of G. G. Maloney v. A. H. Hargis pending in the Breathitt circuit court, it is sufficient to say that they have been tried, and no further order requiring the respondent to act is necessary.

Wherefore, the application for a mandatory injunction is denied.

Whole court sitting.