# Maysville Transit Co. v. Ort et al.

Nov. 3, 1943.

As Modified on Denial of Rehearing

Jan. 25, 1944.

Stephens L. Blakely and D. Bernard Coughlin for appellant.

W. G. Kenton and B. S. Grannis for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing in part and affirming in part.

This is one of the eight suits referred to in the case of Tomlin v. Taylor, 290 Ky. 619, 162 S. W. (2d) 210. Since the opinion in that case sets forth the basis of the controversy between the Maysville Transit Company and its president, and Hiram M. Taylor, a citizen of Maysville, James Purdon, the publisher of The Daily Independent, and Harry Ort, a city commissioner, we deem it unnecessary to go into a discussion of those facts here.

In this suit the Maysville Transit Company, a corporation, is seeking damages against Ort, the commissioner, and Purdon, the publisher. A demurrer was sustained to the Company's petition as amended, so the only question before us is whether or not the petition stated a cause of action.

Ort obtained copies of the Company's tax reports filed with the State Department of Revenue, incorporated them in a report which he made to the city commission, and permitted them to be spread upon the records of the commission. Purdon published Ort's report in his newspaper; thus the tax information made confidential by KRS 131.190 was made public. In the Tomlin case we said there had been a violation of this statute, in so far as the tax reports of the Company were concerned. We said also the statute applied to tax officials and employees handling tax schedules, returns or reports, and other officials who obtained such information as authorized by the statute, and that, since Taylor and Purdon were not such officials, their acts in publicizing the confidential tax information did not constitute a violation of it. It follows, therefore, that the petition in the case at bar did not state a cause of action, in so far as Purdon is concerned.

The situation is different, however, in respect to Ort. The opinion in the Tomlin case, supra, makes it clear that he violated KRS 131.190. He could have been punished by fine and imprisonment, and, if convicted, would have been disqualified and removed from his office.

KRS 446.070 provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation,

although a penalty or forfeiture is imposed for such violation." The petition charges the Company has suffered great and irreparable loss and injury, and that its business, properties and good will have been damaged by the action of the appellees. One making a tax report to the State Department of Revenue has the right, under KRS 131.190, to have the report treated in a confidential manner. If it is not so treated, and he can show that he has been damaged thereby, he may assert a cause of action against the offender. This is not to say, however, that the violation of the statute would constitute a violation of one's right of privacy. Indeed, if the case at bar turned upon the violation of a right of privacy, then the Company's cause would fail, because such a right is designed primarily to protect the feelings and sensibilities of human beings, rather than to safeguard property, business or other pecuniary interests. Annotation 138 A. L. R. 54; 41 Am. Jur., Privacy, section 15.

The Company alleged its business had been injured, and its good will had been damaged and destroyed. If it can produce facts to show this, then a recovery of actual damages would be authorized. Of course, Ort's conduct alone would warrant a finding for nominal damages. Western Union Telegraph Co. v. Guard, 283 Ky. 187, 139 S. W. (2d) 722.

While most of the cases annotated under section 466 of Carroll's Kentucky Statutes, KRS 446.070, deal with personal injuries, it is pointed out in Roberts v. Hargis, 265 Ky. 282, 96 S. W. (2d) 691, and cases cited therein, that the injury contemplated by the statute is not confined to a personal injury. There appear to have been few, if any, cases wherein corporations have sought to recover damages under the statute in question, but we do not think that need concern us in the case at bar, because corporations, just as individuals, must make tax reports to the State Department of Revenue, and a corporation, as well as an individual, may show that the publicizing of its confidential tax information caused it to suffer damages. It has long been held in this jurisdiction that corporations are to be deemed and taken as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in the statute. City of Louisville v. Commonwealth, 62 Ky. 295, 85 Am. Dec. 624.

It follows, necessarily, that the petition stated a cause of action, in so far as Ort was concerned. Therefore, the judgment is reversed as to him, and affirmed as to Purdon.

Judge Rees not sitting.