LEWIS v. RICE, Judge.

Court of Appeals of Kentucky.

Oct. 26, 1953.

Elmer Gaines Davis, Jr., Frankfort, for petitioner.

STANLEY, Commissioner.

In this original action, the petitioner, Jesse K. Lewis, seeks an order of this court prohibiting Honorable S. H. Rice, Judge of the Lee Circuit Court, from proceeding with a rule against the petitioner to show cause why he should not be punished for contempt.

The proceedings arise from the filing of a motion by Mr. Lewis as attorney for plaintiffs in actions against members of the fiscal court of Lee County that Judge Rice vacate the bench. KRS 23.230. The motion signed by Mr. Lewis was verified by one of his clients. Judge Rice sustained the motion, recognizing that under our practice he is not allowed to controvert the statements, although he did state in the order that the charges are not true. He regarded the document as contemptuous and issued the rule.

■ Jurisdiction of this court rests on the ground that the judge is proceeding erroneously, and the petitioner would have no remedy by appeal from any order making the rule absolute and imposing punishment (for which he cannot be admitted to bail, KRS 432.270) since the proceeding is for criminal contempt. KRS 21.060(1) (c). Marshall v. Hancock, 300 Ky. 295, 188 S. W.2d 477.

■ The issue is resolved into whether the motion shall be deemed prima facie contemptuous in character. Basically, an attorney owes the duty of good faith and honorable dealing to the courts before whom he practices, and it is peculiarly his duty to maintain the respect due judicial officers. Any breach of that duty is contempt.

■ Pertinently, an attorney under circumstances like the present is not to be adjudged in contempt by charging in good faith merely that the judge is biased or prejudiced and will not afford a party a fair and impartial trial as grounds of ob-

jection to the court trying a case; nor by making allegations of fact couched in courteous and respectful language. If they are untrue, there is criminal responsibility. KRS 432.280. See Hargis v. Commonwealth, 135 Ky. 578, 123 S.W. 239. But if the statements of fact are expressed in gross and odious terms, the filing of the document may be regarded as contemptuous. Likewise, it is contemptuous where the document contains scandalous, defamatory and offensive personal charges which are not to be construed as statements of fact, or if it contains impertinent accusations and innuendoes relating to or involving judicial acts, or impugning the integrity of the judge or reflecting on his character or amounting to disrespect for judicial dignity or implication of dishonesty and corruption in office. Belief of the affiant that the charges are true is no excuse or justification in law. These tests are well defined. Stamp v. Commonwealth, 195 Ky. 404, 243 S.W. 27; Huggins v. Field, 196 Ky. 501, 244 S.W. 903, 29 A.L.R. 1268; Williams v. Howard, 270 Ky. 728, 110 S.W. 2d 661; Marshall v. Hancock, 300 Ky. 295, 188 S.W.2d 477; 12 Am.Jur., Contempt, Sec. 13; 17 C.J.S., Contempt, § 28. As the filing of derogatory statements of the character defined attempts to degrade the court and impair its respectability and usefulness, it is the duty of the judge to take such steps as may appear to be necessary to preserve the court's dignity and good name.

We summarize some of the statements and charges in the motion:

In the case before the court, the plaintiffs, or appellants from an order of the fiscal court, against its members, charged unlawful borrowing and illegal misappropriation of $10,000 of the funds of Lee County for political purposes by the defendants or appellees, and sought to recover the money. The motion stated that the trial judge and the defendants belonged to the same political party and charged that the judge "since the institution of this appeal and other appeals * * * and by reason of such close political alignment with said appellees has been actively consulting and advising with said appellees in this appeal and said other

cases as to appellees strategy of defense, and whereby he has clearly shown and demonstrated his interest in and concern for said appellees and that he will not and cannot afford appellants a fair and impartial trial." The motion further charged: "It is the desire and purpose and intent of said circuit judge to exercise the powers of his office in this cause and said other causes to help said county judge and said named magistrates to maintain their influence, position and control over said county political organization and for the political advantage that will accrue to said circuit judge by reason of such assistance to said appellees; and they state that it is the intent and purpose of said circuit judge in this appeal to act as a political partisan of the said named appellees and to decide the issues herein involved in their favor because of the political advantage which said circuit judge believes will accrue to him and regardless of what the merits may be." The accusation is substantially repeated as to the judge counseling and advising with the adversary parties as to the merits of the case, and charges that "because of his personal political interest in helping to save said appellees from the serious consequences of the charges made against them in this and said other causes, said judge of this court has already and will continue to exercise all the powers of his office to help save and protect said appellees from consequences of their alleged unlawful conduct and the misapplication and misappropriation of the public funds of Lee County, as charged in this appeal and said other causes, and appellant states that by reason thereof said judge cannot and will not afford appellants and the citizens and taxpayers of Lee County a fair and impartial trial."

In addition to the foregoing, the motion charged that in a related case, "the judge of this court in order to aid and assist said appellees for the reasons hereinbefore stated, arbitrarily and without authority of law dismissed appellants' appeal in said action number 10, said dismissal constituted a final judgment in said cause and which judgment was entered before the cause stood for trial."

 In our view, in the major part, these are but accusations of judicial corruption. The only factual statements are that the judge and the defendants belong to the same political party and that he had conferred with them about the pending cases. Clearly, the accusations are not within the class of permissible and proper statements as defined above. They are more scurrilous and inexcusable than any recited and held contemptuous· in our several opinions, or in many of the cases from other jurisdictions collated in the Annotation, 29 A.L.R. 1273. They impress us, as did those in the Huggins case, as being a deliberate attempt to insult and defame the judge. The statements seem to have been recklessly—and unfortunately—placed in the judicial records, perhaps in excessive zeal. The real motive we do not know. As a lawyer of wide experience, Mr. Lewis knew that he was assuming personal responsibility for them. The justification offered before this bar was only that they are merely legitimate statements of fact which the attorney had the right to make in order to prevent Judge Rice from trying the case.

 Mr. Lewis will have opportunity to purge himself of contempt, the proceeding having gone no further than to issue the show-cause rule. We are quite sure that as the rule proceeds, Judge Rice, although naturally and understandingly aggravated, will observe the caution admonished by Chief Justice Taft in Cooke v. U. S., 267 U.S. 517, 539, 45 S.Ct. 390, 395, 396, 69 L.Ed. 767, 775, quoted in Marshall v. Hancock, supra, a part of which is:

> "The judge must banish the slightest personal impulse to reprisal, but he should not bend backward, and injure the authority of the court by too great leniency. The · substitution of another judge would avoid either tendency, but it is not always possible."

The plea for an order of prohibition is denied and the petition is dismissed.