ASSOCIATION FOR THE PRESERVATION OF FREEDOM OF CHOICE, INC., ALFRED AVINS, in His Representative Capacity, et al., Plaintiffs, *v.* THE NATION COMPANY, Defendant.

Supreme Court, Special Term, New York County, May 3, 1962.

*Alfred Avins* for plaintiffs. *Wolf, Haldenstein, Adler, Freeman & Herz* (*John L. Freeman* and *David A. Ruttenberg* of counsel), for defendant.

SAMUEL M. GOLD, J. In the second amended complaint, there is set forth a first cause of action in libel on behalf of the plaintiff Swan, a second cause of action in libel on behalf of the plaintiff association and a third cause of action in libel on behalf of plaintiff Alfred Avins, in his representative capacity as noted

in the caption. There is also set forth in the second amended complaint a fourth cause of action on behalf of the plaintiff association based on a claimed breach of right of privacy under the common law of the District of Columbia and a fifth cause of action upon the same cause in favor of the plaintiff Swan. The sixth and seventh causes are respectively asserted on behalf of the plaintiff association and the plaintiff Swan upon a like cause, based on the common law of Pennsylvania; the eighth and ninth causes upon the common law of Delaware; and the tenth and eleventh causes on the common law of New Jersey.

The defendant moves for dismissal upon the ground of legal insufficiency of the causes third through eleventh.

With respect to the third cause, confusion must first be removed as to the nature of Swan's coplaintiff association. It is a District of Columbia incorporated association. It is the plaintiff more precisely named as the plaintiff in the second cause of action. The third cause is asserted on behalf of the plaintiff Avins designated in the caption " in his representative capacity ". An incorporated association sues in its own name and not by a representative. The third cause is insufficient.

The first and second causes are based upon alleged defamatory matter as follows: " a group of New Yorkers * * * sought a certificate of incorporation * * * to form an ' Association for the Preservation of Freedom of Choice.' Heading the petitioners was Donald A. Swan * * a ' self-described American Fascist.' "

In the fourth cause of action, the District of Columbia corporate plaintiff claims invasion of right of privacy. It may be noted that in paragraph 11 of the complaint, as part of the second cause of action and reiterated as part of the fourth cause, it is alleged that " In promoting its aims of freedom of choice plaintiff A. P. F. C. depends for its effectiveness on public goodwill and its ability to influence public opinion, and depends for the effectuation of its program upon its ability to recruit members who are interested in its program, and depends for financial support on the voluntary contribution of members and others interested in its program." It is further alleged in the fourth cause that the incident referred to in the claimed libelous article published May 14, 1960 occurred a year before on May 13, 1959 under circumstances which would cause the publication to inflict personal hurt. The application for, and denial of, incorporation was a private affair unknown to the defendant's readers before it appeared in the article in which the public had no legitimate concern and by the lapse of a year, denial of application for incorporation had lost any interest as news

These are substantially the material allegations of each of the succeeding causes, in addition to the separate statement in each cause of the law of the particular State relied on.

The question presented as to each of these eight causes is whether under the laws of this State the claimed right of privacy exists. As to the individual plaintiff who, as alleged in the complaint, is a resident in this State, no cause of action for invasion of the Civil Rights Law is stated. It is not alleged or contended that plaintiff's name was used without his consent for the purpose of trade. It is the allegation and contention of the individual plaintiff merely that he was caused injury to his feelings. It may be noted too, that there is fundamental conflict in the contention that the matter is a private affair in the light of the allegations of paragraph 11 of the complaint above quoted.

There remains the question whether a claim of right of privacy and its breach are sufficiently set forth on behalf of the plaintiff incorporated association. Both parties rely on *Ettore* v. *Philco Tel. Broadcasting Corp.* (229 F. 2d 481). There, a motion picture of a boxing contest which occurred in 1936 was broadcast 13 years later. The principal factual contention was that certain deletions were made which presented the plaintiff in an unfavorable light. The court there considered the important distinction in the use of the words " privacy " and " property ". It stated (p. 486): " There are, speaking very generally, two polar types of cases. One arises when some accidental occurrence rends the veil of obscurity surrounding an average person and makes him, arguably, newsworthy. The other type involves the appropriation of the performance or production of a professional performer or entrepreneur. Between the two extremes are many gradations, most involving strictly commercial exploitation of some aspect of an individual's personality, such as his name or picture." There can be no arguable question here that by virtue of the conceded function of the plaintiffs they are newsworthy. The court further stated there that in all four of the States where the plaintiff asserted that he had been injured the right protected is one of property. The States involved were Pennsylvania, New York, New Jersey and Delaware.

*Bernstein* v. *National Broadcasting Co.* (129 F. Supp. 817) arose in the United States District Court, District of Columbia. It was there held that the cause of action, if any, accrued to the plaintiff in the District of Columbia, where he lived, since the injury necessarily occurred there, and it further held that the right of privacy does not prohibit the communication of any

matter which is of public or general interest (see *Peay* v. *Curtis Pub. Co.*, 78 F. Supp. 305, 309). It was further held that the essential elements of a claim for invasion of privacy are the unwarranted publication of private affairs in which the public has no legitimate concern causing hurt to personal feelings of a person of ordinary sensibilities. It is obvious that the matter here involved is of public and general interest and the ordinary sensibilities of a person must be placed in the context of the function of these plaintiffs. Moreover, no authority is furnished to the court which grants to a corporation a cause of action for invasion of privacy. The plaintiffs insist that *Maysville Tr. Co.* v. *Ort* (296 Ky. 524), on which defendant relies, so holds. It was with respect to property rights that the court there held that a corporation may base its claim of injury and stated (p. 526): "Indeed, if the case at bar turned upon the violation of a right of privacy, then the Company's cause would fail, because such a right is designed primarily to protect the feelings and sensibilities of human beings, rather than to safeguard property, business or other pecuniary interests." Motion is granted.