**OASIS NITE CLUB, INC.**

v.

**DIEBOLD, INCORPORATED.**

Civ. No. 17356.

United States District Court
D. Maryland.

Dec. 6, 1966.

Silbert & Gomborov, A. David Gomborov, and Louis Hoffman, Baltimore, Md., for plaintiff.

Joseph H. Young, Donald E. Sharpe, and M. King Hill, Jr., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Plaintiff, a Maryland corporation and the owner of a business located in Balti-more City and known as the Oasis Nite Club, commenced these proceedings in the Superior Court of Baltimore City (Docket 1966, File 100082, Folio 823). In the declaration filed in that proceeding plaintiff alleged that defendant, a foreign corporation engaged in the sale and servicing of new and used safes in the State of Maryland, on or about June 28, 1965, by its agents, servants or employees, broke into and entered upon plaintiff's premises and also broke into certain safes located in the premises. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, and filed motions to dismiss and for summary judgment. The affidavits before the Court in connection with these motions aver that defendant's actions were authorized by the Internal Revenue Service pursuant to the provisions of 26 U.S.C. § 6331 and in connection with alleged non-payment of taxes. Plaintiff opposed defendant's motions and itself moved the Court for summary judgment in its favor.

I.

A hearing was held by this Court on the above motions on October 21, 1966. At this hearing it became clear that there are genuine issues as to material facts. The motions for summary judgment filed by both parties are therefore either denied, or permitted to be withdrawn, by a separate order of this Court filed today. Only defendant's motion to dismiss is dealt with in this opinion.

II.

Plaintiff has asserted in its declaration that the defendant "did willfully, maliciously and wrongfully break into (by picking the lock) and enter upon the property of the Plaintiff . . . and thereupon did willfully, maliciously and wrongfully, break into two safes of the Plaintiff at and within said premises." Plaintiff has also alleged "that the said action of the Defendant [quoted above], its agents, servants or employees, was undertaken and executed without lawful authority, and said action *not only* caused considerable damage to said property of the Plaintiff, *but, in addition,* con-

stituted a gross and wanton invasion of the Plaintiff's privacy, all to the Plaintiff's irreparable loss and damage." (Emphasis added).

Defendant contends that plaintiff has stated only an action for invasion of privacy. Plaintiff argues that it has set forth an action for trespass as well as an action for invasion of right of privacy. The Court holds that the allegations in the declaration quoted above state the classic factual elements of a cause of action for trespass *quare clausum fregit*. In particular, the second quotation indicates that a theory of action other than that of "invasion of privacy" is asserted.

This case was commenced in the Superior Court of Baltimore City. Federal Rule 81(c) states that the Federal "rules apply to civil actions removed to the United States district courts from the state courts and *govern procedure after removal.*" (Emphasis added). Without determining whether each and every procedural aspect of this case, both before and after removal, is after removal to be governed by the Federal Rules, or whether only those procedural questions which have arisen after removal are to be so governed, this Court holds that the declaration sufficiently sets forth a cause of action for trespass under both the Federal Rules and under Maryland law.

Federal Rule 8(a) (2) requires only that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." It is generally held that this Rule does not require a pleader to set out the legal theory upon which the claim is based. Siegelman v. Cunard White Star, 221 F.2d 189, 196 (2d Cir. 1955) (Harlan, J.); 2 Moore, Federal Practice § 8.14 (1965). The instant declaration would thus seem to be sufficient under federal practice. It would also appear similarly sufficient when measured against the Maryland requirements for pleading an action of trespass. Article 75 of the Maryland Code provides:

The forms of pleadings which follow shall be sufficient and the like forms may be used with such modifications as may be necessary to meet the facts of the case, but nothing herein contained shall render it erroneous or irregular to depart from said forms so long as substance is expressed. [MD.ANN. CODE art. 75, § 14 (1965 Replacement Vol.)].

The relevant form in connection with actions for trespass states as follows:

That the defendant broke and entered certain land of the plaintiff, called "The Orchard," in . . . . . . county, and depastured the same with cattle. [MD.ANN.CODE art. 75, § 14(28) (1965 Replacement Vol.)].

As the declaration contains, in addition to the quotations set forth in this opinion, a clear description of the property involved and an allegation that it is located in Baltimore City, the requirements of Article 75 are met.

For the reasons stated, defendant's motion to dismiss is denied insofar as the plaintiff's claim of trespass is concerned.

### III.

Defendant contends that to the extent the complaint attempts to state a cause of action for invasion of privacy, it must be dismissed because the plaintiff, a corporation, cannot maintain such an action. With that much of defendant's argument the Court is in agreement. Accordingly, defendant's motion to dismiss is granted with regard to plaintiff's claim of invasion of right of privacy. Plaintiff is a corporation. As such, it cannot be said to possess a "right of privacy." This is particularly true herein, as plaintiff operates a night club open to members of the public. See United States v. Morton Salt Co., 338 U.S. 632, 652, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Vassar College v. Loose-Wiles Biscuit Co., 197 F. 982, 985 (W.D.Mo.1912); Maysville Transit Co. v. Ort, 296 Ky. 524, 526, 177 S.W.2d 369, 370 (1943); 41 Am.Jur. Privacy § 15 (1942); 1 Harper & James, Torts § 9.6 (1956).

The Court of Appeals of Maryland recognized the right of privacy in Carr v. Watkins, 227 Md. 578, 177 A.2d 841 (1961). There appears to be no reported

Maryland case which extends that right to a corporation or which indicates that the Maryland Court of Appeals would not follow the authorities cited in the preceding paragraph.