## Allen, Commonwealth's Attorney v. Bach, District Judge.

(Decided March 21, 1930.)

502

J. W. CAMMACK, Attorney General, and J. M. GILBERT, Assistant Attorney General, for petitioners.

E. C. HYDEN, H. E. HAY, ERVINE TURNER and A. F. BYRD for respondent and interveners.

OPINION BY CHIEF JUSTICE THOMAS—Dismissing petition for writ of prohibition.

This is an action filed originally in this court under the provisions of section 110 of our Constitution. It was filed by G. C. Allen, commonwealth's attorney of the 36th judical district as plaintiff, against defendant, Chester A. Bach, judge of the same district. The prayer of the petition asked that defendant be restrained from presiding at the trials of Sam Watkins, Lee Watkins, Allie Watkins, L. K. Rice, Benton Howard, Earl Howard, Sollie Combs, Lewis Combs, or either of them, they being under indictment in the Breathitt circuit court, charged with conspiring to and murdering one Chester Fugate. As amended, the petition may be construed as asking a mandatory order requiring defendant to sustain plaintiff's motion to vacate the bench upon the material ground (and others which we deem not material) that defendant was a first cousin to Lee Watkins, but which, if true, would possibly not operate to disqualify him from presiding at the trial of the other defendants in the indictment. The indictment was set for trial in the Breathitt circuit court for the 3rd day of a special term of the court in February, 1930, which was the 5th day of that

month, and the parties announced ready and proceeded to the selection of a jury. More than 90 per cent. of those examined for jury service were disqualified for one reason or another, but mostly because of relationship to one or the other of the defendants, they being members of numerous large prominent families residing in the county, and their influence being also quite extensive. The case was then set forward to February 17, when plaintiff first made his motion for defendant to vacate the bench, followed on the same day by a motion of the indicted defendants for a change of venue, pursuant to the provisions of section 1109 of our Statutes, and which latter motion was accompanied with the requisite affidavits in support of the statutory grounds, and that motion was not resisted by plaintiff as a representative of the commonwealth in any manner, except in so far as it might be claimed that his preceding motion to require defendant to vacate the bench constituted a resistance. Defendant, as presiding judge of the court, took no action and made no order in the motion of plaintiff asking him to vacate the bench, but he did sustain defendant's motion for a change of venue, and transferred the trial to Estill county out of his judicial district, and over which court another circuit judge presided. However, before that motion was sustained, plaintiff filed a petition in this court on the early morning of February 19, and at the same time moved for a temporary writ of prohibition in accordance with the prayer of the petition, but which this court overruled.

Later in the day the order of transfer following the sustaining of the motion of defendents in the indictments was made and which, of course, had the effect to put the trial of the case entirely outside of defendant's jurisdiction, and by reason of which he was thereby deprived of making any subsequent order in the case. It might, therefore, be claimed, and it is so argued, that upon the sustaining of the motion by defendant for a change of venue (and which was done before the hearing of this case in this court) rendered the question moot, but for the reasons hereinafter stated we will neither discuss nor determine that question.

A preliminary question is presented, and which is: That plaintiff, neither in his individual name, nor in his official capacity, may maintain the action, since it could only be done by the commonwealth through him as relator, and for that reason it is insisted the special demur-

rer to the petition should be sustained. We are by no means convinced but that the contention is meritorious, but for the same reasons hereinafter discussed we have concluded to also waive and put aside that question.

The next contention of defendant is upon the merits and it is: That, under the numerous opinions of this court applying the authority conferred upon it by section 110 of the Constitution, the relief sought by the petition should not be granted under the facts disclosed by the record. A great many of the cases relied on to sustain that contention are inserted in this court's opinion in the recent case of Ledford v. Lewis, Judge, 227 Ky. 396, 13 S. W. (2d) 276, and which we deem it unnecessary to reinsert here. In addition to those cases, another one that entered lengthily into the discussion of the question is Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475. In that case and others referred to in the Ledford opinion (and particularly those of Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395; and Potter v. Gardner, Judge, 222 Ky. 487, 1 S. W. (2d) 437), it was pointed out that while this court would not exercise the original jurisdiction conferred upon it by section 110 of the Constitution, except in cases where the judge sought to be prohibited was proceeding entirely without jurisdiction or erroneously within his jurisdiction, *and* there was no other adequate remedy by appeal or otherwise *and* great and irreparable injury would result to plaintiff, yet each case should be considered in the light of its own peculiar facts, and from which determine whether the above elements authorizing jurisdiction by this court existed. Following the holding in those opinions (and it was so held in the Ledford case, and the one of Duffin v. Field, 208 Ky. 543, 271 S. W. 596), ordinarily the discretion of a circuit judge in ruling on a motion for a change of venue, or to vacate the bench, will not be interfered with by this court in a proceeding of this character, since the litigant applying for the writ would ordinarily have an adequate remedy by appeal to this court, and it was so held in the last case supra, and others of those cited.

However, in this character of case an additional consideration is injected and which is, that the commonwealth in applying to this court for prohibitory or restraining relief against the trial judge in criminal prosecutions, while it has the right to appeal from the

final judgment in the case, obtains nothing thereby where there is a verdict of acquittal, except the satisfaction of having the law correctly certified. If, therefore, the complained of ruling of the court should be followed by an acquittal, the remedy of the commonwealth by an appeal could in no sense be said to be adequate, since this court on the appeal could not reverse the judgment, and there is no procedure or remedy known to the law by which the status existing before the erroneous trial could be restored.

At common law a judge is not ipso facto disqualified to preside at the trial because of mere relationship to a party litigant, but the fact of such relationship furnishes the judge the legal privilege to decline to preside at the trial of the case; but by constitutional or statutory provisions many states have provided otherwise and have made such relationship a disqualification of the judge to preside under such circumstances. See 33 C. J. 1005, sec. 161. In this commonwealth we have been unable to find any such constitutional or statutory provision. However, a number of courts, including this one, in the case of Petrey v. Holliday, 178 Ky. 410, 199 S. W. 67, have held that, notwithstanding the absence of such constitutional or statutory provisions, to allow a judge to sit in a case where he is sufficiently near related to one of the litigants as to constitute implied bias would be repugnant to all sense of fairness and justice, and that the common law of the commonwealth to that extent should be judicially modified so as to take the place of a nonexistent constitutional or statutory disqualification for such cause. We think the holding in the Holliday case, and similar ones in other jurisdictions, is both wholesome and sound, and that a trial judge who is so related to one of the parties litigant is, at least, proceeding erroneously within his jurisdiction when he attempts to try or make orders in the case, and that he should be prohibited from doing so on application of the litigant not so related to him, if the case is one that would otherwise support the remedy, i. e., that great and irreparable injury would result without an adequate remedy by appeal, though one is allowed. We have seen that so far as the commonwealth is concerned in this case it would have no adequate remedy for the reasons hereinbefore stated, and for all of which it would seem to appear that it would be entitled to the relief sought by this action were it not for the reason hereinafter to be discussed;

conceding, however, that the action was brought in the name of the proper plaintiff.

The record discloses without contradiction that between the time of the finding of the indictment involved herein, and the day of the filing of the motion by plaintiff for defendant to vacate the bench, a number of orders were taken in the case at the behest of plaintiff, and 12 days prior thereto an actual effort was made to enter into a trial of defendants in the indictment which was postponed because of the court's inability to procure a jury. The right to make an application for a presiding judge to vacate the bench was, prior to 1926, contained in section 968 of Carroll's Kentucky Statutes. At the session of the Legislature for that year, and by chapter 31, page 128, section 6, that section was re-enacted in substantially the same language, and it is now section 971-6 of the 1930 edition of the same Statutes. This court, in its interpretation of that statutory right, has uniformly held that it must be made as soon as possible after the disqualifying fact or facts are known to the applicant, otherwise it will be considered as waived and, therefore, too late. It was so held in German Insurance Co. v. Landram, 88 Ky. 433, 11 S. W. 367 and 592, 10 Ky. Law Rep. 1039; Kentucky Cent. Railroad Co. v. Kennedy, 82 Ky. 154; Vance v. Field, 89 Ky. 178, 12 S. W. 190, 11 Ky. Law Rep. 388; Russell v. Russell, 12 S. W. 709, 11 Ky. Law Rep. 547; Bales v. Ferrell, 49 S. W. 759, 20 Ky. Law Rep. 1564; Adams v. Gardner, Judge, 176 Ky. 252, 195 S. W. 412, and Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204. Those cases hold, in substance, that if the grounds for the vacation of the bench asked for were known to the applicant and with such knowledge he participates in the preparation or progress of the cause without making the motion, he thereby waives it and cannot thereafter rely upon the disqualifying fact which he knew while he was engaged in such participation. To permit such a course would allow a litigant to experiment and trifle with a court, and if its rulings are acceptable to him he would appropriate the benefits thereof, but, if later the rulings should be adverse, to then for the first time seek advantage of such disqualification, which would be repugnant to upright principles and conduct that litigants owe to the court and to each other. Courts, through their sense of fairness, should tolerate no such practice and the cited opin-

ions from this court clearly so hold. The plaintiff in this case actively participated in preliminary motions, and at his request preliminary orders were made in the prosecution of the defendants in the indictment, and, we repeat, he even on one occasion, prior to his application for defendant to vacate the bench, entered into a trial of the cause and proceeded with the selection of a jury, which, for the reasons hereinbefore stated, culminated in temporary failure.

It is not pretended in this record but that the disqualifying fact relied on in this case, i. e., the relationship of respondent and defendant to Lee Watkins, one of the defendants in the indictment, was unknown to plaintiff, the commonwealth's attorney, in this proceeding. On the contrary, it affirmatively appears that he did possess such knowledge throughout his participation in the prosecution, including his effort to select a jury to try defendants in the indictment, and, under the opinions supra, his motion for respondent to vacate the bench came too late, and for which reason alone we are without jurisdiction to grant the relief prayed for in the petition and its various amendments.

Wherefore, the motion for that purpose is overruled and the petition, with its amendments, is dismissed.