# Smith, Commonwealth's Atty., v. Ward, Judge.

(Decided Oct. 26, 1934.)

C. A. NOBLE, R. B. ROBERTS and J. A. SMITH for plaintiff.
S. M. WARD for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
·Granting writ of prohibition.

This action is an original proceeding in this court
wherein the plaintiffs seek a writ of prohibition to pre-
vent Hon. S. M. Ward, judge of the Thirty-Third judi-
·cial district of Kentucky, from presiding at the trial of
a certain case pending in the Perry circuit ·court in
·which the commonwealth of Kentucky is plaintiff.

At the June, 1934, term of the Perry circuit court,
Milford Witt and twenty-six other persons were in-
dicted for the crime of confederating and banding them-
selves together for the purpose of intimidating, alarm-
ing, ·disturbing, and injuring one Thomas Moore. The
indictment was returned June 20, 1934, and on June 27,
1934, the plaintiff in this action, Hon. J. A. Smith, com-
·monwealth's attorney of the Thirty-Third judicial dis-
trict, filed the following motion in the case of Common-
wealth of Kentucky v. Milford Witt et al.:

"Comes now the Commonwealth's Attorney, **J.**
A. Smith, and moves the Hon. S. M. Ward, Judge
of the Perry Circuit Court, to vacate the bench in
this action, and to enter no further orders in this said
case, and in support of said motion, files the affi-
davit of R. B. Roberts, and moves the Court to
grant until tomorrow morning to file the affidavit

of Tommie Moore, and make the same a part of this said motion.

"Wherefore he prays that the Hon. S. M. Ward enter an order vacating the bench, and refusing to further preside in this said action."

The pertinent statements in the affidavit of Thomas Moore, which was filed in support of the motion, are these:

"That the defendants and each of them in this action, as this affiant is informed and believes, belong to and are members of the United Mine Workers of America, and that these defendants are each and all or practically all of them miners in the mining camp, and working for the Harvey Coal Corporation, and practically all, if not all of the defendants belong to the local at the Harvey Coal Corporation.

"That this affiant was belled by the defendants on or about the —— day of June, 1934, and that soon thereafter, and as soon as the information was brought to Hazard, at a time when the Perry Circuit Court was in session, the Hon. S. M. Ward, Judge of the Perry Circuit Court made a trip to First Creek, where the affiant lived, and where he was taken by the defendants and belled, and made a talk to the Local of Blue Diamond, and counselled and advised with the said Local, and in that said meeting the defendants were present, and the said Ward advised with the defendants and counselled with them about the very thing for which they had been indicted in this action; that he was also at the meeting of the Local at Blue Diamond; he counselled and advised with the members of that local, the members of which were accused of belling another citizen of Perry County, and thereafter he caused to be called into the Court House at Hazard, Ky., a meeting which was held on Thursday night, June 21, 1934, and in that said meeting the defendants were present, and the said S. M. Ward counselled and advised with the said defendants and other members of the said United Mine Workers of America, and this affiant is informed, believes and now charges that the said S. M. Ward is a member of one of the locals of the United Mine Workers of

America in Perry County, Ky. He says that since the indicmtent was returned in this said case, the Hon. S. M. Ward refused for many days to direct the Clerk of the Perry Circuit Court to issue warrants on the said indictment, for the said defendants, and in fact directed the said Clerk not to issue any warrants thereon, and stated in open Court that he had given such directions to the said Clerk; that on motion of attorneys representing this affiant in this prosecution, the matter was brought before the Court, and the Court again stated in open court that he had refused to, and would still refuse to direct that bench warrants be issued until after adjournment of this term of the court, until one of the attorneys representing this affiant showed to the Court a section of the Criminal Code of Kentucky, which made it mandatory upon the Court to direct that bench warrants be issued, and thereupon the Court announced that he would himself prepare an order, although attorneys offered to prepare the order directing the issual of the said bench warrants, and the said Judge, late in the afternoon of that date, did himself enter an order in the Perry Circuit Court on the order book thereof, directing that the Clerk issue bench warrants in all felony cases where indictments had been returned at this term of the Court, and where the defendants were not before the Court or under bond; that the defendants were arrested by the Sheriff, and the Sheriff's force of Perry County, many of them on June 27, 1934, and some of them brought into the court on that day, and some brought into court on June 28, 1934, and only two of the said defendants have been required to give bond, and the other defendants have been allowed to go their own way, roaming about the City of Hazard, and in Perry County, and not under bond, and the Court has failed and refused to require them to be placed under bond, or to place them in the custody of the Jailer of Perry County until bond is executed. That when the defendants in this case were brought into Court on Wednesday, June 27, 1934, the said S. M. Ward, from the bench in the Perry Circuit Court, directed that they be turned loose, and allowed to go back to their homes, and suggested to them that they come back to Hazard on Thursday, and see if

they could execute bond, and that he has failed and refused, and still fails and refuses to turn any of the said defendants not under bond, over to the Jailer of Perry County.

"Now the affiant says that because of the foregoing facts, and because of the attitude of the said S. M. Ward, the presiding Judge of the Perry Circuit Court, the said S. M. Ward, is a sympathizer with the said defendants, and has been counselling and assisting them in connection with this charge for which they are indicted, and because of said facts the said S. M. Ward cannot, and will not give to the plaintiff, the Commonwealth of Kentucky, a fair and impartial trial of this case, and for these reasons the said Judge should vacate the bench in this case, and decline to preside, and decline to make any further orders in this said case."

Defendant overruled plaintiff's motion to vacate the bench and permit another judge to preside, because it was his opinion that the statements contained in the affidavit filed in support of the motion were not sufficient to require the sustaining of the motion and were untrue. This action was then filed in this court, and Hon. Gus Thomas, a judge of the Court of Appeals, granted a temporary writ of prohibition in vacation prohibiting the defendant from presiding at the trial of the case of Commonwealth v. Milford Witt et al. or making any orders therein, except one of continuance, until the further orders of this court. Thereafter the defendant filed a response supported by his affidavit and the case has been submitted on plaintiff's motion for a permanent writ of prohibition.

The original jurisdiction of the Court of Appeals to issue a writ of prohibition is conferred by section 110 of the Constitution, which confers upon it the power to issue such writs as may be necessary to give it a general control of inferior courts. Jurisdiction will not be assumed unless the inferior court against which a writ of prohibition is sought is threatening to proceed, or is proceeding, outside its jurisdiction and there is no remedy through an application to an intermediate court or unless the inferior court, although possessing jurisdiction, is exercising, or is about to exercise, it erroneously and great and irreparable injury will result to the applicant if it does so and there exists no other adequate

remedy by appeal or otherwise.    Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475; Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460.

The overruling by a circuit court judge of a motion to require him to vacate the bench is an interlocutory order, and ordinarily the Court of Appeals will not review his action in an original proceeding in that court since the applicant may have the ruling reviewed on appeal.    Duffin v. Field, 208 Ky. 543, 271 S. W. 596. However, as pointed out in Allen v. Bach, 233 Ky. 501, 26 S. W. (2d) 43, in a criminal case the commonwealth, in the event there is a verdict of acquittal, is without adequate remedy by appeal if the trial judge has erroneously refused to vacate the bench.    The inability of the commonwealth to have the error corrected on an appeal takes such a case out of the rule that the Court of Appeals is without jurisdiction to review such an order in an original action for a writ of prohibition.

In his response to the petition the defendant admitted that immediately after the commission of the offense for which Witt and his codefendants were indicted he went to Blue Diamond in Perry county and addressed a meeting of miners and later addressed a meeting in the courthouse, and that he counseled and advised with members of the Miners' Union, including the defendants in the case of Commonwealth v. Witt et al., but that he did so for the sole purpose of preserving peace in the county and impressing on the minds of those present the importance of observing the law.    He set out what he did and said on the occasions referred to in the Moore affidavit and, in justice to him, it may be said that if his response and the affidavit filed in support thereof could be considered, they would constitute a complete defense to the charges contained in the affidavit filed in support of the motion to vacate the bench and the implications deducible therefrom, but the response in so far as it attempts to refute the statements contained in the affidavit cannot be considered. When a motion to vacate the bench is filed, the court cannot inquire into the truth of the statements in the affidavit, but their truth must be assumed.    A judge cannot controvert the statements in the affidavit by oral proof, affidavit, or otherwise, but he must pass upon and determine whether the facts stated in the affidavit make it improper for him to preside at the trial of the case.

German Insurance Co. v. Landram, 88 Ky. 433, 11 S. W. 367, 592, 10 Ky. Law Rep. 1039; Neace v. Commonwealth, 243 Ky. 149, 47 S. W. (2d) 995. In the Neace Case one of the reasons assigned as showing the disqualification of the judge was the following:

"Fourth:—That the said Judge on Wednesday, July 29th, 1931, at a time when the defendants were in the Breathitt county jail, went in an automobile to Loss Creek, and while there within a short distance of the place where William Barnett was shot, had a meeting with Farrish Barnett, the brother of William Barnett, and for almost an hour counselled and advised with him and other relatives of the said William Barnett and witnesses for the Commonwealth against the said defendants in this case."

It was held that this paragraph of the affidavit directly and specifically charged actions upon the part of the trial judge tending to show undue activity on his part in attempting to seek a conviction of the accused and indicated his disqualification to preside at the trial.

The charges in the affidavit in the instant case are substantially the same as the above charge in the Neace Case. That case is controlling here, and it follows that the defendant should have sustained the motion to vacate the bench.

Wherefore, the motion for a permanent writ of prohibition is sustained, and a writ will issue prohibiting the defendant from presiding in the trial of Milford Witt and the others named in the indictment referred to or making any further orders therein, except one of continuance.