## Commonwealth, by Cooper, v. Howard, District Judge.

(Decided Feb. 16, 1937.)

E. R. COOPER, B. M. VINCENT, Attorney General, and J. W. JONES, Assistant Attorney General, for petitioners.

A. F. BYRD and T. J. ARNETT for respondent.

OPINION BY STANLEY, COMMISSIONER—Granting writ of prohibition.

After the indictment of Charlie Howard and Bruce Howard, charging them with the murder of Jimmie Allen in Magoffin county, the Commonwealth's attorney for the district embracing the Magoffin circuit court seasonably filed a motion that the Honorable J. Brack Howard, judge of that court, vacate the bench. One of the grounds was that he is a cousin of the defendants. Although the motion was supported by an affidavit stating facts, the judge declined to step aside. Thereupon, as an original proceeding in this court, a petition has been filed by the Commonwealth asking that a writ of prohibition be issued restraining Judge Howard from sitting at the trial. The same grounds are alleged and several affidavits have been filed in support of the petition. Judge Howard has filed a response, supported by affidavits, in which he denies or explains some of the allegations of the petition. However, he states that he is a third cousin of the defendant, Charlie Howard, and fourth cousin of the defendant, Bruce Howard. He was also a third cousin of the deceased Allen. He had been and is friendly to all the parties and states that he has no interest or feeling that would prevent him from giving both the Commonwealth and the defendants a fair trial.

The defendants in the indictment have also filed a petition asking to be made parties defendant in this proceeding. They deny some of the accusations contained in the petition of the Commonwealth and would adopt the answer and response of Judge Howard as their own. They pray that the Commonwealth's petition be dismissed.

In the event there should be a verdict of acquittal, the Commonwealth is without adequate remedy if the trial judge has erroneously refused to vacate the bench. It is this inability of the Commonwealth to have the error corrected on appeal which authorizes this court in an original action to review such an order, and, if deemed proper, to issue a writ of prohibition restraining the judge from sitting in the case. Allen v. Bach, 233 Ky. 501, 26 S. W. (2d) 43; Smith v. Ward, 256 Ky. 13, 75 S. W. (2d) 538.

It is the common law of the Commonwealth of Ken-

tucky that a trial judge who is related to one of the litigants in a recognized degree is disqualified to preside in his case. This is upon the conception of implied bias. There may be no conscious partisanship, and, as a matter of fact, no disposition to favor one party over the other, but the principle is too vital to the administration of pure justice—the ever present aspiration of the law—to be disregarded. Petrey v. Holliday, 178 Ky. 410, 199 S. W. 67; Allen v. Bach, supra. We think the fact of similar relationship to the person of whose murder the defendants are charged makes no difference. There can be no such thing as a balancing of disqualifications. Beyond that, the family of the deceased is not an adverse party. It is the Commonwealth of Kentucky who is seeking justice at the bar in this case. The courts must prove worthy of the confidence of the people, and that confidence cannot be secured or retained by permitting a judge to sit at the trial of a case where his cousins are involved.

Wherefore, the prayer for a permanent writ of prohibition is granted and the writ will issue prohibiting the respondent from presiding at the trial of Charlie Howard or of Bruce Howard, and from making any order in the case except such as may be of an administrative nature pending the appointment of a special judge to proceed with the trial.