### Henderson v. Meadows.

### Same v. McKenzie, Sheriff, et al.

March 27, 1942.

Dysard & Dysard for appellant.

John F. Coldiron for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant in the first case in the caption, and petitioner in the second one, became the purchaser of some real estate in the town of Russell, Greenup County, at a judicial sale made under a judgment of the Greenup Circuit Court in the consolidated actions of W. L. Pennington et al. v. Garland Meadows et al. The property at the time of the institution of those actions was occupied by Garland Meadows and his wife, Evelyn Meadows, as a home. It appears that the mother of Mrs. Meadows was temporarily residing with her daughter and son-in-law, and she was afflicted more or less severely with arthritis to such an extent that she was rendered bedfast, or at least spent most of her time in that condition. The property that was ordered sold was appraised at $4,000 and Henderson was the accepted bidder by the commis-

sioner who made the sale under the judgment at the price of $3,550. The sale was reported and confirmed, followed by the commissioner under an order of court executing a deed to Henderson, who satisfied in full his sale bonds. No objection to any part of the proceedings under which the judgment of sale was rendered or as to the sale itself was made up to the point stated.

Sometime near to or following the pendency of the action in which the judgment of sale was rendered, Mrs. Meadows obtained a divorce from her husband, after which he left the premises, but which continued to be occupied by Mrs. Meadows and her afflicted mother. After the perfection of the sale, the satisfying of the bonds, and the obtention of a deed from the commissioner, Henderson moved for a writ of possession of the property, which was granted and the writ issued and was delivered to the sheriff. He returned it by saying that he had been informed that the condition of the mother of Mrs. Meadows was such as that it would be more or less dangerous to undertake to move her and asked the advice of the court; whereupon, the parties were called in and after consultation it was agreed that the execution of the writ might be deferred for thirty days. When that time expired the same procedure was had with like results and practically the same course was followed until the third or fourth writ of possession had been issued. Henderson, the purchaser, then asked for a rule against the sheriff to show cause why he had not executed the writ and he responded by setting out the same facts as to the condition of the mother of Mrs. Meadows and filed with his response the affidavit of her physician. The movant, Henderson, pleaded to the response and filed the affidavit of another physician, showing that it would not be dangerous to remove the mother of Mrs. Meadows, and he asked that the rule be made absolute and the sheriff be required to execute the writ. By that time it was approaching towards a year after Henderson became entitled to possession, with Mrs. Meadows and her mother still occupying the premises he had purchased at the decretal sale and refusing to vacate. At the hearing of the motion to make the rule against the sheriff absolute proof was introduced, and the court—as stated in the judgment itself—"declined to make said rule absolute or to order the sheriff to place the purchaser (Henderson) in possession of said property, to all of which the said C. S. Henderson excepts and prays an appeal to the Court

of Appeals which is granted.'' That appeal was perfected by Henderson filing the record in this court in the usual way, and which is the first case in the caption.

Anticipating, possibly, that the order appealed from in that record might be held as not being a final one, Henderson filed the second action in the caption in this court as an original proceeding in which he made the judge of the Greenup Circuit Court a respondent, as well as the sheriff, and in that case he pleaded the facts as hereinbefore recited and asked for appropriate orders to compel the judge of the court to make the necessary orders to place him in possession of the property. To that petition both the sheriff and the judge have filed special and general demurrers. In the meantime, on motion of Henderson, the two causes have been consolidated in this court and will be disposed of in one opinion.

It will be perceived that if the order appealed from in the first case in the caption is a final one, the determination of the merits of that appeal will render the second case moot. Also, if the order appealed from is a final one, then Henderson possessed that remedy and under numerous decisions—which will be found cited in the notes to Section 110 of our Constitution—he could not in that event maintain an original action in this court to obtain the same relief that could be obtained by him by appealing to this court from the judgment complained of, unless the consequences were of such a nature as that great and irreparable damages would result to him with no adequate remedy at law. See the late case of Commonwealth v. White, Judge, 289 Ky. 99, 157 S. W. (2d) 747. Some of the prior and completely fitting cases are: Natural Gas Products Company v. Thurman, Judge, 205 Ky. 100, 265 S. W. 475; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Goodenough Kentucky Purchasing Company, 241 Ky. 744, 45 S. W. (2d) 451, and Smith v. Ward, 256 Ky. 13, 75 S. W. (2d) 538. Many others are found in the notes to the section of the Constitution above referred to. The first question therefore to be determined is, whether or not the judgment or order of the court herein refusing to enforce the summary procedure by which a purchaser at decretal sales may be put into possession of the property purchased by him is a final order from which the latter may appeal to this court?

In the publication of the recent encyclopedia of Corpus Juris Secundum, vol. 4, p. 184, Appeal and Error,

Section 94, the text states the general and universally applied rules for determining whether or not an order or judgment of a trial court is or not final in the sense of giving the losing party the right to appeal therefrom. A number of pages and sections are consumed in discussing that question in all of its phases. But, after passing through the legal strainer, created by the courts for the determination of that question, the writer states: "Ordinarily a judgment, order, or decree which determines the merits of the controversy, or the rights of the parties, and leaves nothing for future determination, is final and appealable. The test of finality of a judgment or decree to support an appeal is not whether the cause remains *in fieri* awaiting further proceedings in such court to entitle the parties to their acquired rights, but whether such judgment or decree ascertains and declares such rights embracing the substantial merits of the controversy and material issues litigated or necessarily involved in the litigation." Other tests, as well as many cases are cited in the notes to that text, and the writer continues by declaring that a final judgment so as to give a right of appeal therefrom is not necessarily the last one rendered in the cause, and it is then said: "A judgment that is conclusive of any question in a case is final as to that question." Further along it is also said that any judgment or order may be final for the purpose of an appeal although it may relate to only "some definite and separate branch thereof," and which is only "one which determines and concludes the rights involved or which denies appellant the means of further prosecuting or defending his rights and interests in the subject matter of the proceeding," etc. This opinion could be greatly extended by making further excerpts from the text; but the reader may readily ascertain its contents by consulting the volume of the publication referred to.

After terminating the general discussion of the question, the author takes up specific cases, and finally reaches the consideration of the *finality* of "Writ of Assistance or Order of Possession or Restitution," which are similar writs in every respect to what is known in this jurisdiction as "Writs of Possession." In discussing the finality of orders made in the exercise of such authority (placing the purchaser in possession of the property purchased by him at the decretal sale), the text on page 279 of the same volume, Appeal and Error, Section 135, says: "Although the contrary has been held in some

jurisdictions, the general rule is that an appeal will lie from an order granting or denying an application by a purchaser at a judicial sale for a writ of assistance or *other process* to put him in possession, unless the order is within the discretion of the court and for that reason not reviewable, or unless the order does not affect a substantial right.'' (Our emphasis.) Similar text is found in 3 Corpus Juris, page 535, and 5 Corpus Juris, page 1327, note 57. We have been unable to find—nor has there been furnished to us by counsel—any authority to the contrary, and from the definition supra of the characteristics of ''finality'' for the purposes of appeal we are unable to conceive that a contrary conclusion could be reached in a summary proceeding like this.

It will have been perceived that the appellant, Henderson, never came into the case until he was reported by the master commissioner as the successful bidder. Certain duties were imposed upon him (with following rights) as such thereafter—among which were, to execute the sale bonds as required by the judgment, to pay them when due, to receive a deed from the master commissioner, and lastly, to be put into possession of the property purchased by him. Everything was done by him to complete and perfect his right to the possession of the property; but the court declined—for what we conclude was an insufficient reason—to enforce its judgment at his behest and to thereby withhold the possession of the property from him for an indefinite period—perhaps throughout the life of the mother of Mrs. Meadows—the latter of whom occupied the property as her residence.

Without further elaboration, or what we regard as unnecessary extension of the opinion, we conclude that the order of the court appealed from by Henderson in the first case in the caption was and is a final one in the sense of giving him the right to appeal to this court for its review. We further conclude that the evidence was insufficient to sustain the order of the court in declining to make the rule against the sheriff absolute and to follow that up with an eventual delivery of the possession of the property purchased by Henderson to him; and for which reasons the judgment in the appealed case was and is prejudicially erroneous.

Having arrived at that conclusion—and in view of the cases supra defining our authority to entertain original proceeding in this court under Section 110 of our

Constitution—it follows that we have no jurisdiction to entertain the second case in the caption because, as we have herein determined, Henderson, the petitioner therein, had the right to appeal from the order complained of and which denied him the right to maintain the original action in this court to obtain the same relief. Therefore, the demurrers supra filed to that original petition are sustained and the petition will have to be dismissed.

Wherefore the judgment in the first case in the caption is reversed, with directions that the Greenup Circuit Court make the rule against the sheriff absolute and take such other necessary steps to place appellant; Henderson, in possession of the property, and for other orders not inconsistent with this opinion. The second case in the caption is dismissed.