**E. E. MUSGRAVE et al., Petitioners,**

v.

**J. L. HAYS, Judge of the 47th Judicial District of Kentucky, Respondent.**

Court of Appeals of Kentucky.

Feb. 16, 1962.

Harry M. Caudill, Whitesburg, Dan Jack Combs, Pikeville, for petitioners.

Howard, Francis & Howard, Fred G. Francis, Prestonburg, for respondent.

STEWART, Chief Justice.

E. E. Musgrave is a physician practicing in the town of Jenkins. He and Mack Adams, one of his patients, join in this proceeding as co-petitioners for a writ of prohibition against the Honorable J. L. Hays,

Judge of the 47th Judicial District. Adams is petitioning as an individual and also as a representative of a class, which he avers is constituted of the private patients of Dr. Musgrave.

About four years ago Dr. Musgrave became chief of medical services at Sharon Heights Hospital at Jenkins. He was permitted to occupy an office at the hospital and under this arrangement was accessible to those patients whose welfare was entrusted to him. At no expense to him the equipment in the office and the facilities of the hospital, together with the personnel attached thereto, were made available to him. The hospital also allowed him to use the office for the treatment of his private out-patients.

Dr. Musgrave signed an agreement with the hospital, binding himself to abide by the hospital by-laws, which included these provisions:

" 'The attending physician shall be held responsible for the preparation of a complete medical report for the hospital files. This report shall include identification data, complaint, personal history, family history, history of present illness, physical examination, special reports, such as consultation, clinical, laboratory, x-ray and others. Provisional diagnosis, medical or surgical treatment, pathological findings, progress notes, final diagnosis, condition on discharge, follow-up and autopsy report when available. No medical record shall be filed until it is complete.' "

" '*All records* are the property of the hospital and shall not be taken away without permission. In case of readmission of a patient all previous records shall be available for the use of the attending physician. This shall apply whether the patient be free or pay and whether he be attended by the same physician or another.' "

About November 1, 1961, Dr. Musgrave severed his connection with the hospital

and opened a private office about 1500 feet away from it. Soon thereafter he requested the hospital to turn over to him the medical out-patient cards which he said had been kept by him on his private cases, which records are in the custody of the hospital and stored therein under lock and key. The hospital refused to comply. Adams and several of his private patients asked that their cards be turned over to the doctor but the hospital refused to deliver any of them.

On November 17, 1961, Dr. Musgrave brought an action in the Letcher Circuit Court against the hospital and its director, claiming the cards withheld were his private physician's records and that he was entitled to the immediate possession of them. He obtained a temporary order restraining the hospital's agents from interfering with his efforts to remove the cards he contends are his. The hospital declined to carry out the order and he had the hospital's director cited for contempt. This brought on a hearing and the hospital when it appeared moved the trial judge to dissolve the restraining order, alleging it was the rightful owner of the records. After a trial on December 4, 1961, the respondent herein, Judge Hays, gave his oral opinion that the records belonged to the hospital but that Dr. Musgrave could examine and copy them when it became necessary in the course of administering medically to any of his patients.

In the proceeding before us Dr. Musgrave alleges that Judge Hays is about to enter findings of fact and conclusions of law which will conform to the oral opinion previously delivered by him, and that a judgment in conformity with the statement made in court will be entered by Judge Hays unless he is prohibited by a writ issued by this Court.

Are the petitioners entitled to the relief they seek in this original action? We do not believe they are.

■ The long-established rule is that a writ of prohibition will issue from this Court to restrain proceedings by a court of lesser jurisdiction in a case (1) where the latter is threatening to proceed, or is proceeding, in a matter over which it has no jurisdiction, and there is no remedy through an application to an intermediate court; or (2) where a court, although it have jurisdiction, is exercising or is about to exercise it erroneously, and great injustice and irreparable injury would result to the applicant if it should do so, and there exists no other remedy by appeal or otherwise. See Bender v. Eaton, Ky., 343 S.W.2d 799, Murphy v. Thomas, Ky., 296 S.W.2d 469; Rallihan v. Gordon, 176 Ky. 471, 195 S.W. 783; Stafford v. Bailey, 301 Ky. 155, 191 S.W.2d 218; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178; Carey v. Sampson, 150 Ky. 460, 150 S.W. 531.

■ We find none of the elements set forth in either number (1) or number (2) of the preceding paragraph may be relied upon here to support the relief requested. It cannot be denied that the circuit court has jurisdiction of the parties and the subject matter and is acting within its authority. The co-petitioners would also be compelled to admit they have an appeal to this Court from any final judgment entered in the pending cause.

Nor would the fact that no appeal lay from the decision of the judge or court sought to be restrained furnish ground for the issual of the writ, as, in addition to the fact that the complaining party has no adequate remedy by appeal, it must further plainly appear that great injustice would result and irreparable injury ensue from the decision of the lower court or the judge if the writ were not issued. See Rallihan v. Gordon, supra, and the many cases cited therein on this point.

Dr. Musgrave has not shown that great injustice and irreparable injury will result to him or his patients, as the trial judge ruled he will have free access to the records, in order to copy any portions he may need, or in order to use them in the diag-

nosis and treatment of his patients. The mere inconvenience he may be put to cannot be considered as great injustice and irreparable injury.

Wherefore, the writ is denied.