**JAKE'S FORK COAL COMPANY et al., Petitioners,**

v.

**Honorable Courtney C. WELLS, Judge of the Perry Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 7, 1962.

J. E. Johnson, III, James Park, Jr., Leslie W. Morris, II, Lexington, for petitioners.

H. B. Noble, Hazard, for respondent.

WADDILL, Commissioner.

By an original proceeding in this Court petitioners seek to prohibit respondent from presiding in the case of Jake's Fork Coal Company et al. v. Leo Howell et al. in which an injunction is sought to prevent certain threatened acts of violence in a labor dispute. The instant proceeding was initiated following entry of an order by respondent overruling petitioners' motion that respondent vacate the bench because of his bias and prejudice in the case.

This proceeding is predicated on the allegation that respondent is acting erroneously within his jurisdiction. Even if the allegation be true, this Court will not grant the requested relief unless it further appears that petitioners have no adequate remedy by appeal (or otherwise) and will suffer great and irreparable injury. Musgrave v. Hays, Ky., 354 S.W. 2d 288.

The overruling by a circuit judge of a motion to require him to vacate the bench is an interlocutory order and ordinarily this Court will not review his action in an original proceeding in this Court since adequate review is provided by other and more conventional procedures. Smith v. Ward, 256 Ky. 13, 75 S.W.2d 538; Cross v. Wilson, Ky., 325 S.W.2d 309.

In the final analysis, a refusal to vacate the bench can never, in and of itself, create any injury or damage. The damage, if any, remains prospective, in that it must result from his further and subsequent conduct of the proceedings. Therefore, in determining whether the extraordinary remedy of prohibition is appropriate, it becomes necessary to consider the nature of the proceedings and the adequacy of the review procedures that are applicable to the further

orders and judgments that may be entered by the judge who has refused to vacate. In injunction cases, such as the one now being presided over by the respondent, not only is the final judgment appealable, but also the rules provide reasonable procedure for interlocutory relief by this Court. Cf. CR 65.11.

■ Since the petitioners have failed to convince us that they have no adequate remedy by appeal (or otherwise) in the event of an adverse ruling or decision, we will not grant an order of prohibition.