**Paul B. WRIGHT et al., Petitioners,**

**v.**

**Frank A. ROPKE, Judge, Respondent.**

Court of Appeals of Kentucky.

March 26, 1965.

Rehearing Denied Oct. 5, 1965.

James T. Robertson, Louisville, for petitioners.

Edwin A. Schroering, Jr., Commonwealth's Atty., Louisville, for respondent.

MONTGOMERY, Judge.

Paul B. Wright, John T. Gover, Millard D. Grubbs, Walter H. Mullikin, and James E. Finch have petitioned this Court to prohibit Frank A. Ropke, Judge, Criminal Branch, First Division, Jefferson Circuit Court, from proceeding further in the prosecution therein styled The Commonwealth of Kentucky v. Paul B. Wright et al., Indictment No. 129896, for false arrest. The petitioners have moved to disqualify the respondent from trying the case, but this motion has not been passed on. Petitioners have filed several affidavits. A counteraffidavit has been filed. A temporary order of prohibition has been granted.

■ Petitioners have alleged and contend that the respondent is acting erroneously within his jurisdiction and that they will suffer great and irreparable injury. The following from Jake's Fork Coal Company v. Wells, Ky., 362 S.W.2d 728, is fatal to petitioners' claim, to-wit:

> " * * * Even if the allegation be true, this Court will not grant the requested relief unless it further appears that petitioners have no adequate remedy by appeal (or otherwise) and will suffer great and irreparable injury. Musgrave v. Hays, Ky., 354 S.W.2d 288.

> "The overruling by a circuit judge of a motion to require him to vacate the bench is an interlocutory order and ordinarily this Court will not review his action in an original proceeding in this Court since adequate review is provided by other and more conventional procedures. Smith v. Ward, 256 Ky. 13, 75 S.W.2d 538; Cross v. Wilson, Ky., 325 S.W.2d 309."

Further discussion therein is also pertinent.

■ The rule is that the extraordinary remedy of prohibition will not be indulged if there is an adequate remedy by appeal. Baker v. Jolly, Ky., 338 S.W.2d 901. Each petitioner is on bail so no question of imprisonment is involved. Petitioners have not pleaded or shown that the remedy by appeal is inadequate. In addition, relief may be available by KRS 23.230.

It is unnecessary to determine whether the filing of the petition was premature on the ground that it should not have been filed until after the motion to disqualify had been overruled. There still would have been time to seek prohibition then before trial. No need for extraordinary remedy would exist if the motion should be sustained.

The facts in Farley v. Lowe, Ky., 382 S.W.2d 409, render it inapplicable here.

Prohibition denied.