PERRY COUNTY FISCAL
COURT, Appellant,

v.

COMMONWEALTH of Kentucky, Honorable Sidney B. Douglass, Harlow Gwinn, Department of Public Advocacy, Appellees.

Supreme Court of Kentucky.

July 5, 1984.
As Modified Sept. 13, 1984.

Charles E. Allen, William Engle, II, Perry County Atty., Hazard, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Oleh Tustaniwsky, Public Advocate, Hazard, Gail Robinson, Asst. Public Advocate, J. Vincent Aprile, II, Public Advocate and General Counsel Department of Public Advocacy, Frankfort, for appellees.

Sidney B. Douglass, pro se.

## OPINION OF THE COURT

This matter comes to us on appeal as a matter of right from the Court of Appeals. We adopt the following from the opinion of Judge Wilhoit as the opinion of this court and extend that opinion as indicated:

This matter is before the Court on petition of the Commonwealth to prohibit the respondent from enforcing an order by which he set the homicide trial of Harlow Gwinn for October 18, 1983, but excluded the death penalty as a possible penalty. Approximately three weeks prior to entry of this order, the respondent had ordered the fiscal court of Perry County, where the offense with which Mr. Gwinn was charged had occurred, to pay the fees of a psychologist and a ballistics expert for their services as expert witnesses for the defendant, who is an indigent person represented by an appointed attorney operating under KRS Ch. 31. Upon being informed that Perry County had not budgeted any funds to pay these fees, the respondent issued the order for which prohibition is now sought. In that order he did not rescind his order to the fiscal court but concluded that it could not comply with the order.

We believe that this matter is properly before us inasmuch as it is alleged that the respondent is acting erroneously within his jurisdiction and it appears that the Commonwealth has no adequate remedy by appeal since under the circumstances an interlocutory appeal pursuant to KRS 22A.020 might threaten the defendant's speedy-trial right. *See Jones v. Hogg,* Ky., 639 S.W.2d 543 (1982); *Allen v. Walter,* Ky., 534 S.W.2d 453 (1976); *Commonwealth v. Howard,* 267 Ky. 287, 102 S.W.2d 18 (1937); *cf. Eaton v. Commonwealth,* Ky., 562 S.W.2d 637 (1978).

We find no authority to support the action of the respondent in excluding before trial the death penalty as a possible penalty because of the inability of the fiscal court to pay the fees of two expert witnesses. *Smith v. Commonwealth,* Ky., 634 S.W.2d 411 (1982), stands for the proposition that a trial court has authority to relieve the jury of any consideration of the death penalty where it has determined prior to the penalty stage of the trial that such penalty would be unconstitutionally disproportionate or for an equally significant reason. The absence of these witnesses might have a bearing upon whether the defendant should be tried at all or whether any conviction at trial might be reversed, but we fail to see upon the record before us how their absence bears on the punishment which could be imposed.

The Commonwealth also requests that we mandate the respondent to determine whether expert witnesses are necessary to the defendant's case, but it is specifically stated in his orders to the fiscal court that he has already done so. *See* KRS 31.110(1)(b).

After the respondent ordered the fiscal court to pay the fees, the county attorney of Perry County appeared before the respondent to have the orders set aside. The county attorney maintained that his county had budgeted no funds for such a purpose and that it had no surplus funds from which the fees could be paid. He further took the position that these fees were properly chargeable against the state rather than the county government. The respondent has requested this Court's guidance as to which is liable, and we have permitted both the Office of Public Advocacy and the Perry Fiscal Court to intervene in this proceeding so that the question might be more fully developed. Admittedly, the question of who must pay is not directly involved in the present proceeding, and this Court does not give advisory opinions. Nevertheless, there is dispute among the parties who are before us, and we cannot overlook the obvious delay which a later consideration of this issue may have upon the trial of Mr. Gwinn.

We have carefully considered the briefs of the parties and the intervenors. There is much merit in the arguments put forth by the fiscal court, particularly as to what sound public policy should dictate. However, we cannot avoid what we believe to be the public policy already expressed by the General Assembly through KRS 31.185. That statute provides:

> Any defending attorney operating under the provisions of this Chapter (establishing the public advocacy system) is entitled to use the same state facilities for evaluation of evidence as are available to the attorney representing the Commonwealth. If he considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order by the county.

Common sense tells us that the reference to 'facilities' in this statute is intended to embrace more than buildings or equipment and to include individuals who are trained to evaluate evidence. The General Assembly could hardly have intended that if it were found to be impractical for an indigent defendant to use

a state police laboratory the local fiscal court would have to rent him a laboratory in which to personally conduct his own evaluation of evidence.

We would point out, however, that the statute makes it clear that authorization to use other than state facilities rests in the discretion of the trial court and upon a determination that the use of state facilities is impractical.

Considering the legislative intent expressed in KRS 31.185, we view the furnishing of non-state facilities for the evaluation of evidence in appropriate circumstances to be a necessary governmental expense which must be met by counties. *See Miller v. Quertermous,* 304 Ky. 733, 202 S.W.2d 389 (1947); *Landrum v. Ingram,* 274 Ky. 736, 120 S.W.2d 393 (1938).

\*     \*     \*     \*     \*     \*

KRS 31.200(3) reads as follows:

Expenses incurred in the representation of needy persons confined in a state correctional institution shall be borne by the state department of public advocacy.

■  We find no ambiguity in construing these two statutes, viz., K.R.S. 31.185 and K.R.S. 31.200(3). It is clear that the trial court may authorize the payment of fees for necessary expert witnesses by the *county,* not the Department of Public Advocacy, in all counties unless the circumstances are such that K.R.S. 31.200(3) would require otherwise.

Accordingly, the Perry County Fiscal Court is directed and ordered to pay the reasonable fees of such expert witnesses as are reasonably necessary for the defendant Harlow Gwinn.

All concur.