KENTON–GALLATIN–BOONE PUBLIC DEFENDER, INC., A Kentucky Corporation, Appellant,

v.

Hon. Douglas M. STEPHENS, Judge, Kenton Circuit Court,

and

Kenton County Fiscal Court Hon. Clyde Middleton, Judge–Executive, Appellees.

No. 91–SC–577–MR.

Supreme Court of Kentucky.

Nov. 21, 1991.

Robert W. Carran, Covington, for appellant.

Frederic J. Cowan, Atty. Gen., D. Brent Irvin, Asst. Atty. Gen., Frankfort, for appellee, Hon. Douglas M. Stephens, Judge.

John R. Elfers, Covington, Ronald Lee Rigg, Maysville, for appellee, Kenton County Fiscal Court.

SPAIN, Justice.

The appellant, Kenton–Gallatin–Boone Public Defender, Inc., appeals from an order of the Court of Appeals which denied its petition for writ of prohibition. The writ sought to prohibit the Kenton Circuit Court and the Kenton County Fiscal Court from enforcing an order to pay the expenses incurred by three attorneys who had volunteered to represent *pro bono* an indigent defendant in a capital murder case.

Michael Funk had been charged with the murder of Jenny Sue Iles in Covington, Kentucky. Funk was determined to be indigent. Three attorneys agreed to represent the defendant on a *pro bono* basis after two public defenders and a privately paid attorney were rejected by the appellant. It is asserted by Judge Stephens of the Kenton Circuit Court in his brief that he agreed with the volunteer defense team to approve reasonable and necessary costs associated with the defense of Funk. After the trial, Judge Stephens entered an order on January 4, 1991, directing the Fiscal Court to pay a total of $14,564.72 to experts and investigators utilized by the three attorneys in their defense of Funk. The order stated that Funk had been previously determined to be indigent and in need of public assistance in his defense costs,

and that this was true notwithstanding the fact that the co-counsel had volunteered their services. The expenses were determined by the trial court to have been reasonable, necessary, and authorized by the court. The expenses were approved by Fiscal Court, by resolution, on February 26, 1991, to be paid from a discretionary budget account which had been appropriated by Kenton County for the costs of indigent legal fees and costs.

On April 1, 1991, before the fiscal year began and before the payment could be made, the appellant filed a petition seeking a writ of prohibition with the Court of Appeals to prohibit the trial court from enforcing its order and to keep the Fiscal Court from complying with said order. The Court of Appeals denied the petition.

Appellant argues in this Court that irreparable injury will result to the local public defender system if the expenses incurred by the volunteer defense team in the representation of an indigent defendant are paid from funds earmarked to the public defenders. KRS Chapter 31, appellant further argues, does not expressly authorize the payment of said expenses and, therefore, the trial judge acted outside of his jurisdiction when he ordered the Kenton County Fiscal Court to pay the expert fees.

We believe that Judge Stephens acted properly. The purpose of KRS Chapter 31 is to provide indigent defendants access to an attorney. Nothing in the statute prohibits a trial judge from approving the payment of expenses incurred by an attorney in the defense of an indigent, regardless of whether the attorney is "truly" *pro bono* or an appointed public defender. In *Kordenbrock v. Commonwealth*, Ky., 700 S.W.2d 384, 386 (1985), we held that a trial court has "undoubted authority" to order a fiscal court to pay the fees required to obtain reasonable and necessary expert assistance for indigent criminal defendants. We also stated in *Perry County Fiscal Court v. Commonwealth*, Ky., 674 S.W.2d 954, 957 (1984), that "[i]t is clear that the trial court may authorize the payment of fees for necessary expert witnesses by the county." The payment of the expenses by the local fiscal court would be in furtherance of its duty to provide legal representation to indigents, as is their constitutional right.

We recently resolved the question of whether an indigent defendant who is represented by an attorney *pro bono* may reap some of the benefits of KRS Chapter 31. We stated in *Morton v. Commonwealth*, Ky., 817 S.W.2d 218 (1991), that:

> [i]n an unusual case, however, it may be that an indigent defendant can obtain counsel which is truly *pro bono;* counsel who has neither sought nor obtained any fee or the promise thereof for legal services rendered or promised. In such a circumstance, the dual benefits provided by the Act would indeed be severed. The defendant would be indigent for purposes of necessary services and facilities, but otherwise be able to provide his own counsel without cost to himself. When such a circumstance produces the severance between ability to obtain counsel and need for other necessary expenses, the statute may be interpreted to permit the trial court to grant indigency status for purposes of KRS 31.110(1)(b) only.

The Court of Appeals did not abuse its discretion when it denied the writ of prohibition. Appellant has failed to prove that the order of the trial judge would cause great injustice or irreparable injury. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981).

The decision of the Court of Appeals denying the writ of prohibition is affirmed.

All concur.