**Ronnie CORNWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 11, 1975.

Rehearing Denied June 20, 1975.

 

Anthony M. Wilhoit, Public Defender, Timothy T. Riddell, Asst. Public Defender, Frankfort, Joseph S. Freeland, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

Appellant Ronnie Cornwell, on the 13th day of August, 1973, was indicted for the offense of armed assault with intent to rob, as is denounced by KRS 433.150. A jury trial on September 17, 1973, resulted in a hung jury. The court, thereupon, discharged the jury. The case again was tried to a jury on November 21, 1973, and again the jury failed to reach a verdict; whereupon, it was discharged. The case then came on for a third trial on February 13, 1974, at which time counsel for appellant moved the court to dismiss the indictment. This, the court declined to do. Appellant's counsel's motion that the trial of the action be continued by reason of the absence of a material witness was likewise overruled. Thereupon, the case continued to trial. After a lengthy trial, the jury returned a verdict finding appellant guilty and fixed his punishment at ten years in the penitentiary.

On this appeal, appellant complains of two errors, each of substantial consequence, that allegedly denied him a fair trial and violated his constitutional rights. First, Ronnie contends that his motion to dismiss should have been sustained because to force him into a third trial, as was done, violated his constitutional right of freedom from double jeopardy. In addition, he claims to have been prejudiced by the trial court's refusal to continue the trial by reason of the absence of a material witness.

Article 13 of the Bill of Rights of the Kentucky Constitution provides:

"*Double jeopardy—Property not to be taken for public use without compensa-*

*tion.*—No person shall, for the same offense, be twice put in jeopardy of his life or limb, nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."

The Fifth Amendment to the Constitution of the United States provides:

*"Criminal actions—Provisions concerning—Due process of law and just compensation clauses.*—No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

In Roberson's New Kentucky Criminal Law and Procedure, 2d Edition, at § 122, it is stated:

" * * * Thus, if the trial court had no jurisdiction of the offense; or if the statute creating the court is unconstitutional; or the term of court is being held at a time not authorized by law; * * * *or the inability of the jury to agree upon a verdict after a reasonable time has been given them for deliberation; * * * in any or all of these cases the accused has not been placed in jeopardy, and he may again be put upon trial upon the same facts before charged against him.* * * *" (Emphasis added)

In Volume 21 of American Jurisprudence 2d, under the title "Criminal Law" and in § 204 thereof, we find the following:

*"Failure to agree.* It appears to be unquestioned that a trial court may, without prejudicing a future prosecution, discharge the jury where it appears that after a reasonable time for deliberation there is no probability of an agreement. It has also been held that the discharge of a jury that has convicted the defendant on some counts of an indictment and has disagreed as to another count will not bar a subsequent prosecution for the offense on which they disagree.

"Whether the circumstances are such as to justify the conclusion that the jury will be unable to agree on a verdict is to be determined by the exercise of sound judicial discretion. The conclusion of the court is not open to collateral attack.

"The consent or nonconsent of the defendant is not material so long as the court is judicially satisfied that an agreement cannot be reached."

 It has long been the law of this commonwealth that a defendant is not placed in unconstitutional double jeopardy by being brought to trial for the same offense a second time, after the jury in the first trial had been unable to reach a verdict as to his guilt or innocence. Kentucky Digest, Criminal Law, ☜185. Counsel has not cited to this court any case that holds that a person may not be tried a third time after two prior juries had been unable to reach a verdict, and this court, in its research, has been unable to locate such an authority. In the landmark case of United States v. Perez, 22 U.S. 579, 6 L.Ed. 165 (1824), Mr. Justice Story, speaking for the Supreme Court of the United States on the subject, said:

" * * * The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think, that in all cases of this nature, the law has invested Courts of Justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, tak-

ing all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favour of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office. * * *."

The United States courts have thus long been guided, and this court has and continues to adhere to the same philosophy.

■ Appellant's motion for a continuance, which he filed with the trial court, was supported by his affidavit which set out in detail the substance of the testimony which had been given by his witness John Cissell at the two former trials. Appellant, on the date and at the time his case was called for trial, for the first time notified the court that his witness was absent and was reported to be in Phoenix, Arizona, and not available to testify. On February 8, 1974, five days prior to the scheduled trial date, a subpoena was issued for the witness John Cissell. However, on the day of trial appellant and his counsel first learned that the witness had not been served with the subpoena and would not be available to testify. The responsibility of a person charged with the commission of a criminal offense and that of his counsel does not stop merely with having issued a subpoena. There is no showing that any effort was made by appellant or his counsel to learn whether his witness would be

available. As a matter of fact, there is no statement made that the witness actually was in Phoenix, Arizona, or if he could be located, or if he would be available to testify at a future date. Had appellant made diligent effort to locate this witness prior to the issuance of the subpoena, or even at the time of the issuance, and learned of his absence, his present whereabouts may have been ascertained and his presence secured. It is provided in the Kentucky Rules of Criminal Procedure that upon a proper showing the deposition of a witness may be taken and his testimony used in that manner. RCr 7.10. More in point, however, is RCr 9.04, which provides as follows:

"*Postponement of hearing or trial— Motion and affidavit.*—The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. If the attorney for the commonwealth consents to the reading of the affidavit on the hearing or trial as the deposition of the absent witness, the hearing or trial shall not be postponed on account of his absence."

■ The granting of a continuance on account of absent witnesses rests within the sound discretion of the trial court, and his action will not be disturbed except where it is clearly shown that there has been an abuse of discretion. Toler v. Commonwealth, Ky., 295 Ky. 105, 173 S. W.2d 822. In this case there has not been a showing that the trial court abused its discretion in denying the continuance, and

**228**

the court was justified in overruling appellant's motion for a continuance.

The judgment is affirmed.

All concur, except REED, C. J., and CLAYTON, J., who concur in result only.