**Roger Dale CRAWLEY, Movant,**

v.

**George H. KUNZMAN, Judge, Jefferson Circuit Court, Respondent.**

Supreme Court of Kentucky.

Aug. 21, 1979.

Terrance R. Fitzgerald, Chief Appellate Defender, Richard L. Receveur, Asst. District Defender, Louisville, for movant.

George H. Kunzman, Judge, Jefferson Circuit Court, Division Sixteen, Louisville, for respondent.

PALMORE, Chief Justice.

On July 3, 1978, this court affirmed a judgment of the Jefferson Circuit Court convicting Roger Dale Crawley of first-degree robbery but reversed the judgment with respect to his conviction and sentence of 35 years in prison as a persistent felony-offender. The case was remanded with directions that Crawley be granted a new trial on the persistent-offender count, for the reason that the evidence produced at the previous trial was not sufficient to support a finding that he was at least 18 years old at the time he committed the first of two felonies that constituted the basis for the persistent-offender conviction. See *Crawley v. Commonwealth,* Ky., 568 S.W.2d 927 (1978).

In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, decided on June 14, 1978, the United States Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment protects a defendant from retrial following reversal of a conviction on the ground that the evidence produced at the trial was not sufficient to justify submitting the charge to the jury.

The action now before this court is an appeal from an order of the Court of Appeals denying Crawley's petition for an order prohibiting the respondent trial judge from subjecting him to a new trial on the persistent-offender charge. The ground on which the Court of Appeals denied relief was that it would be contrary to the mandate theretofore issued by this court pursuant to its opinion in *Crawley.*

▪ When *Crawley* was decided by this court *Burks* had not been called to its attention. The rationale of *Burks* is that if the basis for an appellate reversal is that the defendant should have been given a directed verdict of acquittal by the trial court, the reversal in effect is an acquittal. The basis for our reversal of Crawley's conviction as a persistent felony-offender was that by reason of an evidentiary insufficiency the issue should not have been submitted to the jury. Its effect, therefore, under *Burks,* was an acquittal on that particular count of the indictment, and our directions for a new trial were invalid.

▪ The right of appeal is not an adequate remedy against double jeopardy. See *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Crawley therefore is entitled to an order of prohibition.

Accordingly, the respondent judge is prohibited from permitting the movant to be retried on the persistent felony-offender charge contained in Indictment No. 15586 now pending in the Jefferson Circuit Court.

All concur.