**Elhannon JONES, Jr., Appellant,**

v.

**Honorable F. Byrd HOGG, Special Judge, Perry Circuit Court, Appellee.**

Supreme Court of Kentucky.

Aug. 31, 1982.

Rehearing Denied Oct. 28, 1982.

William M. Scalf, Lexington, for appellant.

Steven L. Beshear, Atty. Gen., George Geoghegan, III, Asst. Deputy Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant, Elhannon Jones, Jr., was indicted by the Perry County Grand Jury for the offense of murder (KRS 507.-020(1)(a)). He was tried on three occasions, and each trial resulted in a hung jury. On June 9, 1982, pursuant to the authority of CR 76.36, appellant filed an original action in the Court of Appeals of Kentucky wherein he sought to prohibit appellee, Special Judge, from permitting a fourth trial of the appellant for the same offense that he had on three prior occasions been tried. Appellant also sought an order dismissing the indictment. He charges that "irreparable financial, social, and psychological injury will result to Petitioner from the ordeal of a trial on the same charge for the fourth time," and that he "has no adequate remedy by appeal to prevent his being subject to a fourth trial of the same offense charged."

In denying the petition for prohibition, the Court of Appeals wrote:

"The Court, having considered the petition for writ of prohibition, and being otherwise sufficiently advised, ORDERS that it be, and is hereby, DENIED."

Appellant appeals to this court as a matter of right. CR 76.36(7)(a). The issuance of or the refusal to issue a writ of prohibition is in the sound discretion of the court. *Rowley v. Lampe,* Ky., 331 S.W.2d 887 (1960). We need, therefore, to determine whether the Court of Appeals, in denying appellant's petition for a writ of prohibition, exercised a sound discretion or whether the court acted arbitrarily.

In any action seeking a writ of prohibition, the first question to be considered is whether the appellant has an adequate remedy by appeal. *Allen v. Walter,* Ky., 534 S.W.2d 453 (1976). Even though appellant might properly present this issue on

appeal in the event of a conviction on his fourth trial, is such a circuitous route to present the alleged error an adequate remedy against double jeopardy? In support of the proposition that presentation of the issue by appeal is not an adequate remedy, appellant lifts the following statement from *Crawley v. Kunzman,* Ky., 585 S.W.2d 387 (1979): "The right of appeal is not an adequate remedy against double jeopardy." Appellant is using this quotation out of context with the balance of the opinion. In *Crawley* this court granted Crawley a new trial for the reason that the evidence was not sufficient to support a finding that he was at least 18 years of age at the time he committed the first of two felonies that constituted the basis for the persistent felony conviction. The reversal constituted an acquittal on the PFO count of the indictment. To the same effect is *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. In *Crawley* we wrote:

> "The rationale of *Burks* is that if the basis for an appellate reversal is that the defendant should have been given a directed verdict of acquittal by the trial court, the reversal in effect is an acquittal. The basis for our reversal of Crawley's conviction as a persistent felony-offender was that by reason of an evidentiary insufficiency the issue should not have been submitted to the jury. Its effect, therefore, under *Burks,* was an acquittal on that particular count of the indictment, and our directions for a new trial were invalid."

In other words, both Burks and Crawley stood acquitted since the evidence produced at their trials was not sufficient to justify submitting the charges to the jury. Having thus stood acquitted, the right of appeal was not an adequate remedy to present against double jeopardy.

■ In the instant case Jones did not stand acquitted of a charge and no evidentiary reason was shown to conclude that the right of appeal was not an adequate remedy against double jeopardy.

Next, we turn our attention to the consideration of whether appellant can be tried the fourth time after three successive hung juries.

Both the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution provide that no person shall be twice tried for the same offense. In *Cornwell v. Commonwealth,* Ky., 523 S.W.2d 224 (1975), the accused was twice tried for the same offense of armed assault with the intent to rob. Each trial resulted in a hung jury. On the third trial Cornwell moved the trial court to dismiss the indictment. He charged that to force him into a third trial violated his constitutional right of freedom from double jeopardy. Neither the trial court nor this court concurred with this argument, and his conviction was upheld.

It is not possible for this court to conclude that any particular number of hung juries constitutes a double jeopardy defense against a further trial on the issue of guilt of the same offense for which he had formerly been tried. Such a defense directs itself to the sound discretion of the trial court. In *United States v. Perez,* 22 U.S. 579, 6 L.Ed. 165 (1824), the Supreme Court of the United States wrote:

> "The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think, that in all cases of this nature, the law has invested Courts of Justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. . . . "

In deciding the present issue, we must determine whether, under all of the circumstances, there is a manifest necessity for invoking the defense of double jeopardy. We have not found such circumstances to exist. Had such circumstances been manifest, then, and in that event, such a defense could properly have been brought to the attention of the Court of Appeals in a pro-

ceeding such as the present action. In *Cornwell,* supra, this court wrote:

"It has long been the law of this commonwealth that a defendant is not placed in unconstitutional double jeopardy by being brought to trial for the same offense a second time, after the jury in the first trial had been unable to reach a verdict as to his guilt or innocence...."

Appellant contends that persuasive authority holds that re-prosecution of him after three hung juries should be barred and the indictment dismissed. We have found no authority of such persuasive influence that compels a conclusion that the Court of Appeals erred in denying the writ of prohibition. On the other hand, this court is persuaded that the Court of Appeals did not err in denying the writ of prohibition.

The judgment of the Court of Appeals is affirmed.

All concur except PALMORE, C. J.