803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAURICE VERNON SULLIVAN, Petitioner-Appellant (85-5753),
Appellee (85-5844),
v.
JOHN D. REES, Warden, and ATTORNEY GENERAL, KENTUCKY,
Respondents-Appellees (85-5753), Appellants (85-5844).
 No. 85-5753.
 No. 85-5844.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1986.
 
 Before: JONES and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Two issues are presented in this action for a writ of habeas corpus: (1) where the record of a felony conviction based upon a guilty plea is silent as to whether the defendant made his plea voluntarily and intelligently, may that conviction support a later conviction of the defendant as a persistent felony offender; and (2) where a defendant is convicted of being a persistent felony offender in the first degree under Kentucky Revised Statute Sec. 532.080 on the basis of two prior felony convictions, and one of those prior convictions is found to be invalid, may the defendant be resentenced as a persistent felony offender in the second degree without violation of the constitutional strictures against double jeopardy? We shall answer the first question in the negative and the second in the affirmative.
 
 
 2
 In July of 1980 the petitioner, Maurice V. Sullivan, was convicted by a Kentucky court of first degree burglary and was sentenced to ten years imprisonment. He was also found guilty of being a persistent felony offender in the first degree (PFO I), and pursuant to Kentucky Revised Statute 532.080 his sentence was enhanced twenty years. In a motion to vacate judgment the petitioner challenged his conviction as a PFO I on the ground that one of the prior felony convictions upon which it was based was invalid. The earlier conviction, which dates from 1971, was the result of a guilty plea which the petitioner now alleges was not voluntarily and intelligently entered. He also claims that he was denied effective assistance of counsel because his trial lawyer in the PFO proceeding failed to investigate the validity of the prior felony convictions. After exhausting his state remedies the petitioner sought a writ of habeas corpus from the United States District Court for the Western District of Kentucky.
 
 
 3
 The district court found that one of the petitioner's prior felony convictions was invalid because, as petitioner's counsel could and should have discovered, the record is silent as to whether the petitioner's guilty plea was knowingly and voluntarily entered. The district court concluded that:
 
 
 4
 The proper remedy for this violation is entry of a writ discharging petitioner from custody to the extent that confinement derives from utilization of an improper conviction. Since the record supports a conviction of petitioner as PFO in the second degree, only that portion of the sentence based solely on the conviction as a PFO in the first degree must be reversed and he should be resentenced as a PFO in the second degree.
 
 
 5
 The respondents have appealed the court's order, arguing that both prior convictions upon which the PFO sentence was based are valid. The petitioner has also appealed the court's order, arguing that the proper remedy where one of the prior convictions is invalid is to vacate the PFO conviction entirely; to resentence him as a PFO in the second degree, petitioner contends, is to subject him to double jeopardy. Validity of the 1971 Conviction
 
 
 6
 In Boykin v. Alabama, 395 U.S. 238, 242 (1969), the Supreme Court held that it is impermissible to presume from a silent record that a guilty plea was entered intelligently and voluntarily. "A plea of guilty is more than a confession which admits that the accused did various acts," the Court explained; "it is itself a conviction; nothing remains but to give judgment and determine punishment." Id. When a plea of guilty is entered in a state criminal trial, the defendant waives the federal constitutional rights to freedom from compulsory self-incrimination, trial by jury, and confrontation of one's accusers. Id. at 243. "We cannot presume a waiver of these three important federal rights from a silent record." Id.
 
 
 7
 This court appliedBoykin to a challenged conviction on a plea of guilty in Rooddy v. Black, 516 F.2d 1380 (6th Cir.), cert. denied, 423 U.S. 917 (1975). The defendant in that case had pleaded guilty to assault and battery and immoral and indecent practices. Id. at 1382. When his probation in connection with that conviction was revoked, he challenged the conviction on the ground that he was unaware of the possible maximum sentences on the charges against him and did not understand the charges. Id. at 1385. This court held that if the transcript made at the time of acceptance of the guilty plea is inadequate to establish that the plea was voluntary and intelligent, "the State must make a clear and convincing showing that the plea was in fact knowingly and understandingly entered." Id. at 1384. The State may introduce evidence other than the transcript of the plea's acceptance in order to meet that burden of proof. Id.
 
 
 8
 The parties in the present case do not dispute that the record of the 1971 guilty plea is silent as to whether the plea was entered knowingly and voluntarily. The respondents merely argue, based on Kendricks v. Commonwealth, 557 S.W.2d 417, 419 (Ky. 1977), that there is a presumption of regularity which precludes the petitioner from arguing that the 1971 conviction was invalid. Although Kendricks appears to have held as the respondents claim, the Supreme Court made clear in Boykin that such a presumption of regularity does not apply when the validity of a conviction based on a guilty plea is challenged. The State having failed to meet its burden of proof under Roddy, the district court correctly held that the 1971 conviction cannot be deemed presumptively valid.
 
 
 9
 With respect to the adequacy of petitioner's representation on this point the district court correctly stated:
 
 
 10
 The legal requirement enunciated in Boykin . . . was well established by 1980, the date of petitioner's PFO trial. The only record which counsel could have seen in his investigation, the sentencing record, unequivocally fails to demonstrate that the trial judge informed him of his rights . . . .
 
 
 11
 . . . competent trial counsel would have inquired further for a transcript of the guilty plea proceedings. If counsel had done so in this case, he would have discovered the absence of a transcript. Although counsel is not required to pursue every possible line of defense, any responsible criminal attorney should be aware of Boykin which represents one of the few defenses to a guilty plea.
 
 
 12
 Petitioner suffered prejudice as a result, within the contemplation of Strickland v. Washington, 466 U.S. 668 (1984), because the sentence for a PFO in the first degree is significantly harsher than the sentence for a PFO in the second degree. Petitioner has not waived the ineffective assistance of counsel contention, unlike the prisoner who sought habeas relief in Wainwright v. Sykes, 433 U.S. 72, 75, n.4(1977), and our finding that petitioner did not have effective assistance of counsel requires that habeas relief be granted here notwithstanding that such relief might otherwise be barred under Wainwright. Canary v. Bland, 583 F.2d 887, 891 (6th Cir. 1978).
 
 
 13
 Resentencing as Persistent Felony Offender in the Second Degree
 
 
 14
 Kentucky Revised Statute Sec. 532.080(3) (Baldwin 1981) defines a persistent felony offender in the first degree as "a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies." A PFO in the second degree is "a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of one (1) previous felony." Ky. Rev. Stat. Sec. 532.080(2). All other specifications for each degree of PFO are identical. The jury was instructed as to both degrees, and the jury found the petitioner to be a PFO in the first degree. The petitioner contends that if one of the prior convictions upon which the PFO I conviction is based is invalid, it would subject him to double jeopardy, in violation of the Fifth Amendment to the United States Constitution, to resentence him as a PFO II.
 
 
 15
 The petitioner's contention is based primarily on two cases, Burks v. United States, 437 U.S. 1 (1978), and Crawley v. Kunzman, 585 S.W.2d 387 (Ky. 1979). In Burks, the Supreme Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient." 437 U.S. at 18. The Court explained:
 
 
 16
 The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow "the State . . . to make repeated attempts to convict an individual for an alleged offense," since "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense."
 
 
 17
 Id. at 11 (citations omitted).
 
 
 18
 Burks was the basis for the decision in Crawley, which held that where the evidence produced at trial was insufficient to prove that the defendant was at least eighteen years old when he committed the first of two felonies used to support his conviction as a persistent felony offender, a remand for a new trial would violate the Double Jeopardy Clause. 585 S.W.2d at 388.
 
 
 19
 Those cases do not support the petitioner's contention. In Crawley the jury was instructed as to only one crime, that of being a PFO; there were no separate degrees of the offense at that time. One of the elements of the crime charged was that the defendant must have been at least eighteen years old at the time he committed the prior felonies. That element was not proved. In the present case, the jury was instructed that if it found the defendant had been convicted of only one prior felony, it should find him a PFO in the second degree. The jury was further instructed that if it should find that he had been convicted of two prior felonies, it was to find him to be a PFO in the first degree. Because the jury found him to be a PFO in the first degree, it necessarily found all the elements of the charge of being a PFO in the second degree.
 
 
 20
 Under the rationale of Burks, moreover, the petitioner in this case would not be subjected to a second trial by being resentenced pursuant to the district court's order. All elements of the PFO II offense have been proven, and the prosecution is not being given "another opportunity to supply evidence which it failed to muster in the first proceeding."
 
 
 21
 Two United States Supreme Court cases support the district court's decision here. In United States v. Morrison, 429 U.S. 1 (1976), the district court denied the defendant's motion to suppress the marijuana which was the basis of a charge of possession with intent to distribute marijuana. The court found the defendant guilty as charged, but upon reconsideration the district court ordered that the marijuana be suppressed. The government then appealed. the court of appeals dismissed the government's appeal on the basis that the Double Jeopardy Clause barred retrial. The Supreme Court reversed, holding that "[t]he Government is . . . entitled to appeal the order suppressing the evidence, since success on that appeal would result in the reinstatement of the general finding of guilt, rather than in further factual proceedings relating to guilt or innocence . . . [T]here would then remain only the imposition of sentence and the entry of a judgment of conviction pursuant to Fed Rule Crim Proc 32." Id. at 3-4. As in Morrison, there would be no further factual finding. All that remained would be resentencing.
 
 
 22
 In Morris v. Mathews, --- U.S. ----, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986), the jury was charged on both aggravated murder and the lesser-included offense of murder. The Ohio Court of Appeals had concluded that the defendant's conviction of aggravated murder was barred on double jeopardy grounds, but because the conviction for the lesser-included offense of murder would not be so barred, the Court of Appeals had modified the conviction of aggravated murder to murder and reduced the defendant's sentence accordingly. The Supreme Court held "that when a jeopardy-barred conviction is reduced to a conviction for a lesser included offense which is not jeopardy barred, the burden shifts to the defendant to demonstrate a reasonable probability that he would not have been convicted of the non-jeopardy-barred offense absent the presence of the jeopardy-barred offense. In this situation, we believe that a 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." 106 S.Ct. at 1038, 89 L.Ed.2d at 197.
 
 
 23
 Based on the rationale of Morrison and Mathews, the district court's remedy of resentencing the petitioner as a PFO in the second degree is proper. The petitioner has not demonstrated a reasonable probability that he would not have been convicted of being a PFO II absent the evidence of the invalid 1971 conviction.
 
 
 24
 The district court's order is therefore AFFIRMED.